**THOMAS E. HOAR, INCORPORATED, Plaintiff-Appellant, Cross-Appellee,**

v.

**SARA LEE CORPORATION, et al., Defendants-Appellees, Cross-Appellants.**

**Nos. 1070, 808, Dockets 88–7962, 88–9010.**

United States Court of Appeals, Second Circuit.

Argued April 19, 1989.

Decided Aug. 10, 1989.

Leon J. Greenspan, White Plains, N.Y. (Greenspan, Jaffe & Rosenblatt, White Plains, N.Y., of counsel), for plaintiff-appellant and cross-appellee.

Russell H. Carpenter, Washington, D.C. (Covington & Burling, Washington, D.C., and Frederick Newman, Blodnick, Pomeranz, Schultz & Abramowitz, Lake Success, N.Y., of counsel), for defendants-appellees and cross-appellants.

Before LUMBARD, ALTIMARI and MAHONEY, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff Thomas E. Hoar, Inc. ("Hoar") and its attorney (collectively "appellants") appeal from an order of the United States District Court for the Eastern District of New York (Thomas C. Platt, Ch.J.) that imposed a sanction on them with joint and several liability for expenses including attorneys' fees pursuant to Fed.R.Civ.P. 37. Appellants argue that the district court improperly found that they abused the discovery process warranting the imposition of the Rule 37 sanction. Defendants-appellees, Sara Lee Corp., ("Sara Lee") and its subsidiary Hanes Knitwear/Printables ("Hanes"), cross-appeal contending that the district court's order, which reduced the amount of the sanction originally imposed

by the magistrate to $14,815.40, does not reflect full recovery of their reasonable expenses including attorneys' fees under Rule 37.

For the reasons stated below, we affirm the order of the district court.

## BACKGROUND

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the threshold issue of appealability and of the merits of this appeal. The underlying litigation to the present appeal was initiated in May, 1986. Alleging, *inter alia*, violation of the antitrust laws, plaintiff Hoar, a distributor of men's and boy's underwear, filed suit against defendants Sara Lee and its subsidiary Hanes, a manufacturer and supplier. The defendants counter-claimed alleging fraud and breach of contract.

Since its initiation over three years ago, the discovery process in this suit has tread a rocky road as a result of numerous disputes between the parties. A search of the record discloses that at several junctures Hoar failed to fulfill defendants' legitimate discovery requests and to comply with court orders compelling complete discovery.

The protracted trek commenced when Hoar neglected to answer the defendants' first set of interrogatories by the due date of June 3, 1987. Only after the defendants moved to compel discovery pursuant to Rule 37(a) did Hoar respond on July 16, 1987. When Hoar was remiss in responding to the defendants' second and third sets of interrogatories, due on July 7, 1987 and July 27, 1987 respectively, the discovery process continued to flounder. Hoar eventually tendered answers to both sets of interrogatories on September 10, 1987. After reviewing these responses, the defendants alleged that Hoar had proffered incomplete and inadequate answers. The defendants again moved the court to compel adequate responses.

At a conference held on December 18, 1987, the magistrate attempted to clear a straight path by allowing Hoar four additional months in which to comply and ordering full satisfaction of all previous outstanding discovery by April 29, 1988. Hoar, however, continued to obstruct the thoroughfare of discovery with its deficient responses. As a result, on May 3, 1988, it was necessary to hold an additional conference before the magistrate. At this conference, defendants noted that despite their repeated efforts to secure answers to certain interrogatories, Hoar still had not furnished an itemized damage claim, but merely asserted that the defendants' violation of the antitrust laws had caused over one and one-half million dollars in lost profits. In addition, the defendants pointed out sundry gaps in document production.

Confronted with these and other deficiencies, Hoar sought an additional 30 days in which to comply. The magistrate granted a 45–day extension setting June 17, 1988 as "the absolute final date for compliance." Disregarding the court's second mandate, Hoar once more encumbered the path to full discovery by allowing June 17, 1988 to pass without any significant attempt to comply.

More than two years after the initiation of the suit, on September 2, 1988, the magistrate granted the defendants' Rule 37 motion. He imposed a sanction in the amount of $22,990.09 to compensate defendants for their reasonable expenses including attorneys' fees incurred due to appellants' hindrances of discovery. Specifically, pursuant to Rule 37(b)(2), the magistrate allocated the sums of $9,523.50 and $11,990.60 for appellants' failure to comply with the court orders of January 5, 1988 and May 10, 1988 respectively. In addition, the magistrate allocated the sum of $1,475.99 for the costs of defendants' December, 1987 motion to compel pursuant to Rule 37(a)(4). The magistrate concluded that the appellants had engaged in a "pattern of ignoring discovery requests" so as to "willfully and unnecessarily" prolong the litigation. Hoar and its attorney were held to joint and several liability for the Rule 37 sanction.

Hoar and its attorney next appealed to the district court seeking a reversal of the

sanction. After reviewing the matter, Chief Judge Platt held that the Rule 37 sanction was warranted. However, in an order dated October 11, 1988, he reduced the amount of the compensatory sanction to $14,815.40 "given the routine nature of [defendants'] reviewing and cataloging discovery materials to determine the extent of compliance." Subsequently, in response to appellants' request for clarification of the October 11, 1988 order, the district judge affirmed that Hoar and its attorney were jointly and severally liable for the sanction.

On this appeal of the sanction imposed by the district court, appellants now argue, as an initial matter, that the district court's order is appealable. They also contend that the district court imposed the sanction in a manner that disregarded the "true facts of the case" and was "contrary to law." Further, they claim that the district court's order should be reversed because of a lack of due process.

The defendants assert that this court lacks jurisdiction over the interlocutory appeal. They further argue that the district court was well within its discretion to impose the Rule 37 sanction. In addition, they cross-appeal maintaining that the district court's order, in so far as it reduced the amount of the sanction imposed by the magistrate, does not provide for their full recovery of reasonable expenses including attorneys' fees pursuant to Rule 37. Finally, defendants request attorneys' fees and costs incurred by reason of this appeal.

## DISCUSSION

### 1. *Jurisdiction*

■ Appellants contend that this court has jurisdiction over the appeal under 28 U.S.C. § 1291. It is well established that "as a general rule a district court's decision is appealable under ... [Section 1291] only when the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, ——, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). A

"small class" of district court orders, however, has long been understood to constitute an exception to the "final judgment rule." The Supreme Court held in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1948), that some rights are simply "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." In elaborating *Cohen's* "collateral order" exception, the Court has forged a three-part test to ascertain whether an order that does not finally resolve litigation is nonetheless appealable pursuant to Section 1291. The order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Gulfstream Aerospace*, 485 U.S. at ——, 108 S.Ct. at 1136–37; *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

■ In *Cheng v. GAF Corp.*, 713 F.2d 886 (2d Cir.1983), we held that a non-party attorney may bring an interlocutory appeal of a Rule 37 sanction pursuant to the *Cohen* exception. As to the first requirement, the assessment of the Rule 37 sanction in the amount of $14,815.40 by the district court, after an appeal of the magistrate's order, amounts to a "conclusive determination." *Cheng*, 713 F.2d at 889. *See also Sanko S.S. Co., Ltd. v. Galin*, 835 F.2d 51, 53 (2d Cir.1987); *David v. Hooker, Ltd.*, 560 F.2d 412, 417 (9th Cir.1977). *But see Eastern Maico Distributors, Inc. v. Maico–Fahrzeugfabrik*, 658 F.2d 944, 951 (3d Cir.1981). The second requirement is satisfied, since the imposition of the sanction involves an issue "completely separate from the merits of the underlying litigation." *Cheng*, 713 F.2d at 889. *See also Sanko*, 835 F.2d at 53.

The third *Cohen* requirement presents a thornier issue. In *Cheng*, however, we enumerated several reasons why a sanction imposed on a non-party attorney is effectively "unreviewable after final judg-

ment."[1] First, in the face of settlement negotiations, an attorney might be placed in an "ethical dilemma" since "his view of any settlement proposal would almost certainly be colored by its handling of the attorneys' fee issue." *Cheng,* 713 F.2d at 889–90. In addition, the plaintiff's attorney, as a non-party, would be dependent on the plaintiff for appellate review which would be unlikely "[i]f the case is settled, or if appellant succeeds on the merits." *Id.* at 890. Most importantly, a non-party attorney, like a non-party in civil contempt proceedings, would be precluded from arguing the propriety of the Rule 37 sanction for attorneys' fees including expenses in an appeal from the final judgment. *Id.* at 890. *See also Sanko,* 835 F.2d at 53; *Hooker,* 560 F.2d at 417.

We note that forcing an attorney to await final judgment, with such a sanction outstanding against him, may seriously affect his professional reputation; it will almost certainly affect the attorney's relations with his client as they must determine the share of the financial burden which each of them must bear in discharging the obligation imposed against them jointly. Therefore, the attorney should be able to appeal before any final judgment. He suffers immediate injury from the sanction whereby the court has made him a party to the case so far as the sanction is concerned. His only effective remedy is to have the right to appeal before the final judgment. Accordingly, consistent with our holding in *Cheng,* we would grant jurisdiction were the sanction imposed on the non-party attorney alone, since unless there is the opportunity for review at this point in the proceedings, there effectively is no right to review at all.

If, instead, only the plaintiff had been held liable for the Rule 37 sanction, the final judgment rule would prohibit the plaintiff's interlocutory appeal of the order.

In the case at hand, however, the sanction was imposed jointly and severally on the plaintiff and non-party attorney. The evident conflict between the finality requirement as it applies to the plaintiff and to the non-party attorney requires us to balance the integrity of the final judgment rule against the harm caused by possibly forcing one of the appellants to forfeit the opportunity for appellate review.

The final judgment rule was never intended to preclude the right to review. As the Supreme Court observed some time ago, the finality requirement "has been departed from only when observance of it would practically defeat the right to review at all." *Cobbledick v. United States,* 309 U.S. 323, 324–325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940) (Frankfurter, J.). *Cf.* Note, "The Finality Rule for Supreme Court Review of State Court Orders," 91 *Harv.L.Rev.* 1004, 1008–12 (1978). In the present case, the right to review of the district court's order that imposed the sanction on appellants can be guaranteed only by the option of one immediate interlocutory appeal. Although caution must be exercised in creating exceptions to the final judgment rule, we think that one is justified based on the facts of this case. Accordingly, we conclude that the harm caused by denying one of the appellants the right to review outweighs a mechanical application of the final judgment rule.

Moreover, the final judgment rule rests, in part, upon the larger principle that "judicial efficiency" is best served by restricting interventions by courts of appeals into the trial process. *See United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 3098, 41 L.Ed.2d 1039 (1974). "Congress ... has by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration." *Cobbledick,* 309

---

**1.** In holding that the *Cohen* requirements were met with respect to a non-party attorney's interlocutory appeal of a Rule 37 sanction, the court in *Cheng* stated:

> We recognize that in *Independent Investor Protective League v. Touche Ross & Co.,* 542 F.2d 156, 158 (2d Cir.1976), this court in dictum suggested that a non-party attorney may

in some circumstances be 'so allied with a party as to preclude interlocutory review of an order to pay compensatory expenses.'

713 F.2d at 890. We are not so persuaded by the force of the solitary dictum in *Independent Investor* that we think it ought to be the law which governs the case at hand.

U.S. at 325, 60 S.Ct. at 541. Yet, in this case, a rigid adherence to the final judgment rule could well lead to a judicially inefficient outcome. Given the exigency of providing the non-party attorney the opportunity for appellate review at the time sanctions are imposed, an application of the principle of judicial efficiency suggests that the plaintiff be permitted to join the interlocutory appeal. To require separate appeals would belie the Congressional intent that underpins the finality requirement of Section 1291. For all these reasons, we conclude that this court has jurisdiction over appellants' interlocutory appeal pursuant to Section 1291.

### 2. *The Rule 37 Sanction*

■ Turning to the merits of this appeal, we now consider whether the district court erred in ordering appellants to pay defendants' reasonable expenses including attorneys' fees pursuant to Rule 37. When reviewing a district court's imposition of a Rule 37 sanction, the question is not whether this court, *de novo*, would apply the same sanction, but whether the district court exceeded the bounds of its "wide discretion." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir.1989); *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Moreover, we shall not disturb the factual findings of a district court, upon which a sanction is deemed warranted, unless they are shown to be "clearly erroneous". *Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844, 855, 102 S.Ct. 2182, 2189, 72 L.Ed.2d 606 (1982); *Argo Marine Systems, Inc. v. Camar Corp.*, 755 F.2d 1006, 1010 (2d Cir.1985); *see also* Fed.R. Civ.P. 52(a).

The broad scope of discovery delimited by the *Federal Rules of Civil Procedure* is designed to achieve disclosure of all the evidence relevant to the merits of a controversy. *See* Fed.R.Civ.P. 26(b)(1); *see also* Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 487, 497–508 (1970) ("Statement"). In addition, discovery was designed to proceed at the initiative of the parties with a minimum of court intervention. *See* Statement at 488. The rulemak-

ers framed Rule 37 in recognition of the potential for abuse during the discovery process. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

#### a. Appellants

■ Appellants argue that the district court imposed the sanction contrary to the facts and law. The record, however, is replete with examples of appellants' failure to cooperate with the discovery process. In particular, the district court found that, more than one year after the responses were due, the appellants had not yet responded adequately to the defendants' second and third sets of interrogatories and prayers for certain document production. After hearing the parties, the court concluded that appellants' unjustified nondisclosure caused the defendants to bear costs which would not have been necessary had appellants cooperated during discovery. In short, appellants neglected to respond of their own initiative, ignored due dates, necessitated defendants' motions to compel, and disobeyed at least two previous court orders before the sanction was imposed.

On more than one occasion, we have " 'emphasize[d] the importance we place on a party's compliance with discovery orders,' and we warned that '[a] party who flouts such orders does so at his peril.' " *Sieck*, 869 F.2d at 133 (quoting *Update Art*, 843 F.2d at 73). It is plain upon the record that appellants failed to cooperate with legitimate discovery requests necessitating defendants to make several motions to compel discovery, and subsequently disobeyed two court orders compelling full discovery. As a result, they have incurred the legal consequences clearly stated in Rule 37(a)(4) and (b)(2). After a search of the record, we find nothing to indicate that the district court's imposition of the sanction was either based on erroneous factual findings or an abuse of its discretion.

#### b. Cross–Appellants

Defendants cross-appeal arguing that the district court was in error when it reduced

the amount of the sanction. Since the district court reduced the sanction after a review of the magistrate's order, and provided a sound explanation for the reduction, we find no reason to disturb the district court's exercise of its discretion as to the amount of the sanction imposed.

### 3. *Due Process*

■ Appellants further argue that even if the Rule 37 sanction was warranted, the district court's order must be reversed for a lack of due process. Appellants contend that the Supreme Court's decision in *Roadway Express Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), requires reversal of the district court's order. In that decision, the Court observed that "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Id.* at 767, 100 S.Ct. at 2465. The proceedings that led to the district court's imposition of the sanction included several conferences before the magistrate, which resulted in two court orders, the hearing at which the magistrate imposed the sanction, an appeal of the magistrate's order, and a review of the matter by the district court. In view of these proceedings, it stretches the imagination to argue that appellants did not have notice of, or the opportunity to be heard about, the sanction imposed. Accordingly, we find no deprivation of due process.

### CONCLUSION

For all the reasons stated above, the order of the district court is affirmed. Each side shall bear its own costs for this appeal.