Hassan EL–YAFI and Roberta El–Yafi, Plaintiffs,

v.

360 EAST 72ND OWNERS CORP., Robert Weiner, Harvey Rothenberg, Donald Henderson, Bruce Nadel, Barbara Kumble, Steven Schofel, Mickey Swatz, Robert Siper, Dorothy Sapolsky and Steven Cruz, Defendants.

No. 93 Civ. 3704 (WK).

United States District Court, S.D. New York.

Nov. 7, 1995.

Michael A. Rosenberg, New York City, for Plaintiffs.

Steven Shore, Schwarzfeld, Ganfer & Shore, New York City, for Defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, Senior District Judge.

This is an action by prospective buyers of a residential co-op (plaintiffs) against the co-op corporation and its board of directors (defendants), alleging that defendants refused to approve plaintiffs' purchase of the co-op due to their race, color, religion and/or national origin.[1] Defendants contend that they acted in good faith in the exercise of business judgment, based on the financial information that plaintiffs had provided, and on their refusal to respond to questions concerning their financial situation.

Discovery in the case has been slow and contentious, and we referred the case to Magistrate Judge Lee on February 17, 1995. She has issued several orders regarding discovery, most notably on April 19, 1995 ("the April order") and May 10, 1995 ("the May order"), and has now submitted the annexed Report and Recommendation recommending that the complaint be dismissed with prejudice pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, and that defendants be awarded the reasonable expenses of bringing the Rule 37(d) motion. For the

---

**1.** Plaintiff Hassan El–Yafi ("Mr. El–Yafi") is a native of Lebanon, of Arab descent, and a practicing Muslim.

reasons that follow, we adopt the Report and Recommendation in its entirety.

Magistrate Judge Lee lays out the procedural background in some detail in her Report and Recommendation. Briefly, on April 19, 1995, at a conference on the record, the Magistrate Judge imposed a June 30, 1995 deadline for the completion of Mr. El–Yafi's deposition, which had begun in November, 1994, but had not been completed because Mr. El–Yafi was represented to be out of the country for long periods of time.

The Magistrate Judge issued a subsequent written Memorandum Order on May 10, 1995, which addressed other disputes raised by the parties. In that order, she reiterated her earlier order regarding Mr. El–Yafi's deposition, and added that if no mutually convenient date could be agreed upon, "the continued deposition ... would be held in Courtroom 20–D, United States Court House, on Tuesday, June 27, 1995 commencing at 10 a.m." She further cautioned that if Mr. El–Yafi failed to appear for his continued deposition—either on June 27 or on whatever date the parties agreed upon, provided it was before June 30—defendants "may serve and file a motion pursuant to Rule 37(d)." May Order ¶¶ 6–7.

Mr. El–Yafi failed to appear at the June 27 deposition, nor was another date mutually agreed upon. Defendants filed a motion to dismiss the complaint pursuant to Rule 37(d). Plaintiffs opposed the motion on the ground that Mr. El–Yafi's failure to comply with court orders was "neither willful, intentional, nor calculated to evade discovery." The only affidavit submitted in support of this argument was one by plaintiffs' attorney. It stated *inter alia* that counsel was aware that on April 19, the court "in colloquy" had ordered Mr. El–Yafi to appear at a deposition before June 30, but that counsel had previously objected to this ruling due to the fact that his client would be out of the country until the middle of July, and that it was "simply not feasible" for him to return for a June 27 deposition. He further stated that his clients were "ready, willing and able to comply with the substance of the court's orders." Affidavit of Robert Fierman, Esq. sworn to July 20, 1995, ¶ 6.

The annexed Report and Recommendation followed, recommending that defendants' motion be granted. We agree. Although entry of a default judgment for violation of a discovery order is extreme, the Second Circuit has long recognized such a remedy as appropriate in cases where the party's failure is willful, and the discovery sought is material to the adverse party. In the case at bar, the deposition of one of two plaintiffs is clearly material discovery to the defendants. In addition, the violation of the Magistrate Judge's court orders was willful and intentional. The order announced in open court on April 19, and transcribed by a court reporter, was not "colloquy." Neither was the reiteration of the June 30 deadline for Mr. El–Yafi's deposition included in the May Order. Both decisions were reached after taking into account, and specifically rejecting, the arguments of plaintiffs' counsel regarding the "feasibility" of Mr. El–Yafi's appearance. As of April 19, Mr. El–Yafi was on notice that he had until June 30, 1995 in which to complete his deposition. He failed to do so, and has to this day provided no explanation, based on his own personal knowledge, of this failure.

As to the question of costs, Rule 37 provides that the successful party on a Rule 37(d) motion can be reimbursed "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." As described above, Mr. El–Yafi's failure was not substantially justified. In addition, the parties have not presented any evidence suggesting other circumstances that would make the award of expenses unjust.

Accordingly, we direct the Clerk of the Court to enter an order dismissing the complaint, and we refer this case back to Magistrate Judge Lee for a determination of reasonable expenses and attorneys fees to be paid to defendants.[2]

SO ORDERED.

---

2. Defendants have made earlier motions for sanctions based on Mr. El–Yafi's failure to respond to certain other discovery requests. In

*REPORT AND RECOMMENDATION
TO JUDGE KNAPP*

93 Civ 3704 (WK) (BAL)

LEE, United States Magistrate Judge.

This case was referred, by Order of Reference entered February 17, 1995, for pre-trial supervision, settlement, and report and recommendation on dispositive motions. Presently before me is defendants' motion to dismiss the complaint pursuant to Rule 37(d), Fed.R.Civ.P., by virtue of plaintiff Hassan El-Yafi's failure to appear for his deposition and respond to discovery requests in violation of court orders; or in the alternative for other sanctions. For the reasons discussed below, I recommend that the complaint be dismissed with prejudice pursuant to Rule 37(d) and that defendants be awarded the reasonable expenses of bringing this motion.

### PRIOR PROCEEDINGS

This is an action by prospective purchasers of a residential co-operative apartment against the co-operative corporation ("Owner") and its officers and directors, alleging that defendants refused to approve the plaintiffs' purchase by virtue of race, color, religion and/or national origin, in violation of § 804 of the Fair Housing Act, 42 U.S.C. § 3604. The complaint, filed June 2, 1993, alleges that plaintiff Hassan El-Yafi is a native of Lebanon, "of Arabic de[s]cent and . . . of the Muslim faith" who is a permanent resident of the United States.[1] Plaintiff Roberta El-Yafi is his wife, a United States citizen and "caucasian."[2] Defendants contend, among other things, that they acted in good faith in the exercise of business judgment "given the financial information furnished and Plaintiffs' refusal to respond to questions."[3]

Discovery has been slow and extremely contentious. A pre-trial conference was held before me on April 19, 1995, on the record, to deal with discovery disputes that had arisen before the case was referred. These includ-

ed plaintiffs' failure to furnish financial information (a central issue to the defenses asserted by the Owner and its directors), as well as disputes about the relevance of the some of the questions put to Mr. El-Yafi at his deposition and the adequacy of some of his answers. Some of the disputed issues were ruled on at the conference; as to others, counsel were given a deadline to submit a joint letter, after conference, in accordance with my "Procedures for Informal Resolution of Discovery Disputes." At the conclusion of the conference, counsel were advised that

> [t]he transcript of today's proceeding is the written order, and it will be filed with the Clerk of the Court, and that will constitute my written order under 28 United States Code Section 636(b)(1)(A).[4]

Among other matters ruled on, a deadline of June 30, 1995, was fixed for the completion of the deposition of plaintiff Hassan El-Yafi. Mr. El-Yafi's deposition had begun in November, 1994, and counsel had been unable to agree on a mutually convenient date for its conclusion in part because Mr. El-Yafi was represented to be abroad for long periods on business. In selecting the June 30 deadline, I explained to plaintiffs' attorney:

> So I think you need to understand . . . that your client is the plaintiff here. He brought this lawsuit in this district. Having done that, he set in motion a chain of circumstances. And when he's required to appear in this district in connection with the lawsuit that he initiated, he's got to be reasonably available for that. He can't just come in and say that for six months, he can't appear except on certain dates, and that the defendant has got to wait.
>
> I will try to set a reasonable outside deadline for you. But if you're not able to agree on a date before that outside deadline, then the defendants can make a motion to compel his deposition. And under Rule 37(d), if he doesn't appear for his deposition, a default judgment can be en-

light of the resolution of defendants' Rule 37(d) motion, they are hereby denied as moot.

1. Cplt. ¶ 1.

2. *Id.,* ¶ 2.

3. Answer filed August 5, 1993, ¶ 69.

4. Transcript of April 19 conference ("Tcpt.") at 36.

tered against him. So we're talking about something quite serious here.[5]

A joint letter was thereafter submitted and the disputes raised ruled on in a Memorandum Order dated May 10, 1995. The May 10 Order reiterated the ruling given at the April 19 conference with respect to Mr. El–Yafi's deposition:

All party depositions must be completed no later than June 30, 1995. Plaintiff Hassan El–Yafi, having elected to bring suit in this district, must make himself reasonably available for deposition in this district. If his deposition cannot be completed before his anticipated departure for Lebanon, he must return on a date to be agreed upon by counsel no later than June 30, 1995. In the event that counsel are unable to agree on a mutually convenient date, the continued deposition of plaintiff Hassan El–Yafi will be held in Courtroom 20–D, United States Court House, on Tuesday, June 27, 1995, commencing at 10 a.m. and continuing from day to day until concluded. If a different date is mutually agreed upon, counsel shall promptly advise the undersigned by joint letter.

In the event that plaintiff Hassan El–Yafi fails to appear for his continued deposition on the date specified in ordering paragraph 6, or such other date as may be agreed to by counsel and "so ordered" by the undersigned, defendants may serve and file a motion pursuant to Rule 37(d), Fed.R.Civ.P., no later than ten business days after the date of the scheduled deposition.[6]

Prior to the expiration of the June 30 deadline, defendants made a motion for preclusive sanctions, returnable June 22, 1995, based on plaintiffs' failure to produce documents and answer interrogatories relating to damages. Decision on the motion was reserved, pending a report from counsel on whether the June 30 deadline was met.[7] Defendants thereafter filed the present motion, returnable July 21, 1995, based on plaintiff Hassan El–Yafi's failure to appear for his deposition on June 27, 1995. The transcript of the record noting his non-appearance is attached to the moving papers.[8]

Plaintiffs oppose the motion on the ground that failure to comply with court orders "was neither willful, intentional, nor calculated to evade discovery."[9] The only affidavit submitted in opposition is not that of Mr. El–Yafi, but of his attorney, who explains the reasons for his client's conduct as follows:

Although I am aware that the Court, in *colloquy* at the April 19 conference did direct Mr. El–Yafi to appear for deposition on or before June 30, this followed my statement that Mr. El–Yafi had departed for Lebanon on business and could not return to the U.S. until mid- to late-July. It was certainly neither my clients' nor my intention to violate a court order, but it was simply *not feasible* for Mr. El–Yafi to return from Lebanon to appear briefly to finish a deposition and turn over a few documents, and then have to turn around and get back on a plane to Lebanon to finish what he had started over there.... Plaintiffs ... now ... are ready, willing and able to comply with the substance of this Court's orders.[10]

### DISCUSSION

#### Violations of April 19 and May 10 Orders

■ The order announced in open court on April 19 was not "colloquy." Neither was the reiteration of the June 30 deadline for Mr. El–Yafi's deposition that was included in the May 10 Order. Both decisions were reached after taking into account the protestations of plaintiffs' counsel regarding the

---

5. Tcpt. at 17.

6. May 10 Order, ¶¶ 6–7.

7. Corrected Order entered June 29, 1995 (a typographical error was corrected).

8. Ex. A to Affidavit of Steven J. Shore sworn to July 14, 1995, attached to defendants' Notice of Motion filed July 18, 1995.

9. Memorandum of Law in Opposition to Defendants' Motion for Relief under Fed.R.Civ.P. 37(d) filed July 20, 1995, at 2.

10. Affidavit of Robert Fierman, Esq., sworn to July 20, 1995, ¶ 6 (emphasis added).

"feasibility" of Mr. El–Yafi's appearance. Although that excuse was specifically rejected on both April 19 and May 10, Mr. El–Yafi was given more than 60 days in which to complete the deposition. He not only failed to do so, but now has the temerity to contend that he did not "intend" to violate any court order. There is nothing in plaintiffs' papers to warrant the inference that the failure to appear was inadvertent or caused by matters outside their control. On the contrary, the very facts alleged as the basis for the conclusion that the violations were unintentional establish the contrary: knowing that his business engagements had been ruled an inadequate reason for not completing his deposition by June 30, Mr. El–Yafi nevertheless proceeded about his own affairs, and has not to this day submitted any affidavit of his own on personal knowledge stating what his pressing business was. Through his lawyer, more than three weeks after the deadline had passed and a full three months after the April 19 order, he states only that he is now prepared to comply with the "substance" of court orders.

This will not do. Plaintiff Hassan El–Yafi, of his own free choice, elected to bring this action. Having done so, he cannot dictate to the court or the defendants the leisurely schedule by which he proposes to pursue it. Having invoked the process of the court, he must obey its orders. The violation of both the April 19 and the May 10 orders is not in dispute, and I find as a fact that Hassan El–Yafi's failure to appear for his deposition between April 19 and June 30 was both willful and intentional.

### Appropriate Sanction

Rule 37(d), Fed.R.Civ.P., provides in pertinent part:

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Subparagraph (C) of subdivision (b)(2) authorizes "[a]n order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

■ Although entry of a default judgment for violation of a discovery order is an extreme sanction, it has long been recognized as appropriate where the failure is willful and the discovery sought is material to the adverse party. *See, e.g., Bambu Sales, Inc. v. Ozak Trading Incorporated,* 58 F.3d 849, 853 (2d Cir.1995); *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988); *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062 (2d Cir.1979).

■ The fact pattern here is quite similar to that in *Bambu,* where (1) the defendant's failure to appear for deposition was similarly not supported by any affidavit on personal knowledge but by his attorney's assertions regarding an unspecified "grave illness"; (2) he sought no relief from the order directing his deposition until after his default; and (3) he belatedly appeared, at his convenience, after a motion for preclusive sanctions pursuant to Rule 37(d) had been fully submitted. 58 F.3d at 853. In this case, the need for the "strong medicine" of preclusive sanctions, *see Update Art,* 843 F.2d at 73, is even more appropriate where the dilatory party is a plaintiff, who invokes the process of the court in support of his claim for relief, but refuses to proceed in accordance with the rules.

In this case, as in *Bambu,* the finding of willfulness on the part of plaintiff Hassan El–Yafi, whether on the basis of his own conscious intent or that of his attorney, is amply supported by the record. As in *Bambu,* plaintiffs have had adequate notice that failure to meet the June 30 deadline could result in a default judgment: the provisions of Rule 37(d), and the serious issue involved, were called to counsel's attention on April 19, and the May 10 Order set a deadline for a Rule

37(d) motion in the event that plaintiff failed to appear.[11]

On the basis of the entire record, including my familiarity with all of the proceedings in this case to date, I conclude that lesser sanctions would be ineffectual here. A party who disobeys court orders on the theory that they are mere "colloquy" can hardly inspire confidence in his future compliance, even with their "substance." Moreover, the evidence concerning plaintiffs' financial condition that Mr. El–Yafi has consistently refused to supply—in the form of documents, answers to interrogatories, answers to questions at the first session of his deposition, as well as his failure to appear for a second session—is peculiarly within his knowledge and material to the Owner's defense that it was his failure to furnish adequate information to the directors, not his race, religion, or national origin, that caused the rejection of his purchase application. In the circumstances, plaintiff should not be permitted to benefit from his own dilatory tactics.

### Expenses of the Motion

Reimbursement of the expenses of the successful party on a Rule 37(d) motion is appropriate "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Neither of those exceptions is justified on this record.

Defendants may submit proof of their reasonable expenses, including attorneys' fees, documented in accordance with the requirements of *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.1983), and including sufficient facts regarding the experience and skill of the attorney(s) working on the matter to permit a finding regarding the reasonableness of the hourly rates charged and the time expended on the matter. Defendants' papers shall be served and filed no later than September 25, 1995. Plaintiffs' opposing papers, if any, shall be served and filed within 10 business days after the service of defendants' papers or (if a timely application for review of this recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B) shall have been filed), within 10 days after the entry of an Order by Judge Knapp with respect to such application, whichever is later.

### CONCLUSION

The complaint should be dismissed with prejudice pursuant to Rule 37(d), Fed.R.Civ. P., by virtue of plaintiff Hassan El–Yafi's willful violation of the orders of April 19 and May 10, 1995, directing him to appear for his deposition by June 30, 1995. Defendants should be awarded the reasonable expenses of bringing this motion, in an amount to be determined.

Defendants' earlier motion for sanctions based on plaintiff Hassan El–Yafi's failure to respond to certain other discovery requests should be denied as moot in light of the disposition of this motion.

### NOTICE

The foregoing constitutes my recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B). Any party may object to this recommendation within 10 business days of the date of mailing by filing written objections with the Clerk of the Court and mailing copies to the opposing party, to the Hon. Whitman Knapp, U.S.D.J., and to the undersigned. Failure to file objections within 10 business days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b), Fed.R.Civ.P.; *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988).

Dated: New York, New York

September 12, 1995

---

11. In addition, the opportunity to seek *de novo* review of this recommended decision would in itself satisfy the notice requirement. *See, e.g.,* *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 688 (2d Cir.1989).