108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Steven M. KRAMER, Appellant,
v.
John ARMS, Thomas McKitrick, Lucinda Urrusti-Sanz, and 113
Greene St. Inc., Defendants-Appellees.
 No. 96-7448.
 United States Court of Appeals, Second Circuit.
 Feb. 27, 1997.
 
 1
 APPEARING FOR APPELLANT: Steven M. Kramer, New York, N.Y.
 
 
 2
 APPEARING FOR APPELLEES: Robert Lubitz, Chestnut Ridge, N.Y.
 
 
 3
 Present: NEWMAN, Chief Judge, KEARSE, FRIEDMAN,* Circuit Judges.
 
 
 4
 Steven M. Kramer, an attorney, appeals from the District Court's April 10, 1996, amended judgment imposing monetary sanctions of $18,445 against Kramer as counsel for plaintiff Helen Selby. Though the District Court had previously dismissed the underlying lawsuit in December 1995, Selby's appeal from that dismissal was previously dismissed by this Court (Order of June 25, 1996), and Kramer, whom Selby discharged as counsel prior to this appeal, lacks standing to pursue on her behalf an appeal of the dismissal. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525-26 (2d Cir.1990). Kramer contends that the District Court erred in finding that he persistently and willfully disregarded the Court's discovery orders and that monetary sanctions were warranted under Federal Rule of Civil Procedure 37(b)(2).
 
 
 5
 1. The "imposition of sanctions under Rule 37 is within the discretion of the district court" and will be reversed only if "the decision constitutes an abuse of discretion." John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 845 F.2d 1172, 1176 (2d Cir.1988). Moreover, this Court will "not disturb the factual findings of a district court, upon which a sanction is deemed warranted, unless they are shown to be clearly erroneous." Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir.1989) (quotations and citation omitted).
 
 
 6
 The District Judge acted well within her discretion in ordering Kramer to pay for costs and attorney's fees incurred by the defendants arising from the delay and obstruction caused by Kramer's persistent and willful disregard of the Court's discovery orders. Judge Cote's detailed and accurate account of Kramer's numerous acts of misconduct during two-and-a-half years of discovery contains ample justification for the imposition of monetary sanctions. Our own review also indicates that "[i]t is plain upon the record that [Kramer] failed to cooperate with legitimate discovery requests necessitating defendants to make several motions to compel discovery" and "disobeyed [numerous] court orders compelling full discovery." Id. at 687. Without detailing the entire history and scope of his misbehavior, we list but a few examples of Kramer's disregard of the Court's discovery orders: (1) his refusal to abide by the Court's April 28, 1994, order to produce documents that plaintiff had promised to provide at her deposition by May 2, 1994, and to produce expert reports pursuant to Rule 26(a)(2) for two of plaintiff's witnesses; (2) his failure to abide by the Court's July 7, 1994, order (a) to respond to the defendants' interrogatories under oath and in compliance with Rule 33, (b) to provide proper IRS authorization forms to the defendants, and (c) to respond to the defendants' Rule 34 requests, all by July 15, 1994; (3) his failure on August 23, 1994, to comply with the Court's order to appear for his own deposition; (4) his failure to comply with the Court's October 14, 1994, order (a) to respond to the defendants' outstanding request to admit by October 20, 1994, (b) to produce proper IRS authorization forms, and (c) to provide authorization forms for the release of plaintiff's psychological treatment records to defense counsel; and (5) his failure to comply with the Court's order to complete the plaintiff's deposition by October 20, 1994.
 
 
 7
 2. In their brief, the defendants-appellees request this Court to exercise its power under Federal Rule of Appellate Procedure 38 and impose sanctions on Kramer for filing a frivolous appeal. Under this rule, sanctions may be awarded only "after a separately filed motion or notice from the court and reasonable opportunity to respond," Fed. R.App. P. 38, and a statement inserted in a party's brief requesting sanctions does not suffice as a separately filed motion, id. advisory committee's note. Appellees did not file a separate motion, and we decline to consider sanctions on our own motion. We note, however, that in approximately three dozen cases courts have either imposed sanctions upon Kramer or his clients or admonished Kramer for unprofessional conduct. See Kramer v. Tribe, 156 F.R.D. 96 (D.N.J.1994) (collecting cases), aff'd, 52 F.3d 315 (3d Cir.1995). Accordingly, we will instruct the Clerk of this Court to forward a copy of this Order to the Grievance Committees for the New York Supreme Court, First Department (in which his office is located), and Third Department (where he was admitted to practice), for such action as either deems appropriate.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation