UNITED STATES OF AMERICA, PLAINTIFF *v.* HI-TEMP SPECIALTY METALS, INC., RICHARD C. BELLI, AND AMERICAN CASUALTY CO., DEFENDANTS

Court No. 95–10–01273

(Dated February 6, 1998)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director; *C. Coleman Bird,* Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice; Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service *(Lars-Erik Hjelm),* of counsel, for plaintiff.

*Donohue & Donohue* (John P. Donohue, Melissa G. Pinheiro, and Patrick J. Egan) for defendants, Hi-Temp Specialty Metals, Inc., and Richard C. Belli.

*Tompkins & Davidson* (Harvey A. Isaacs) for defendant, American Casualty Company.

### MEMORANDUM OPINION

GOLDBERG, *Judge:* Currently pending before this Court is the defendant's, Hi-Temp, Inc.'s ("Hi-Temp"), Motion for Attorney's Fees pur-

suant to USCIT R. 37(a)(3). Hi-Temp seeks reimbursement for the cost of litigating plaintiff's, the United States Customs Service's ("Customs"), July 21, 1997, Motion for Protective Order, a motion that sought to prevent Hi-Temp from deposing certain Customs officials pursuant to USCIT R. 26(c). This Court denied plaintiff's motion in an Order dated September 24, 1997. In its Motion for Attorney's Fees, Hi-Temp claims that plaintiff's Motion for Protective Order was not substantially justified. For the reasons set forth below, this Court finds unpersuasive plaintiff's argument that it was substantially justified in seeking the protective order and, hence, grants Hi-Temp the reasonable costs incurred in litigating this matter.

## BACKGROUND

The underlying case involves a penalty action brought by Customs against Hi-Temp pursuant to 19 U.S.C. § 1592 (1994). The penalty action pertains to four entries, three entered in the port of Baltimore, Maryland and one entered in the Port of San Francisco, California. Hi-Temp represented that all four entries were duty-free titanium scrap from Sweden. In Baltimore, Customs accepted this description, and liquidated these three entries accordingly. In San Francisco, however, Customs determined that the entry was not titanium scrap from Sweden but actually titanium sponge from the Soviet Union. Customs then liquidated the San Francisco entry accordingly. Hi-Temp responded by filing an administrative protest challenging this classification, which Customs denied. Hi-Temp did not seek judicial review of the denial of its protest. Pursuant to 19 U.S.C. § 1592, Customs then brought the instant action against Hi-Temp to collect penalties, claiming that Hi-Temp knowingly imported titanium sponge from the Soviet Union and listed it as titanium scrap from Sweden.

Several discovery disputes have arisen throughout the course of this case, the most recent at issue here. Moving for a protective order, Customs sought to enjoin Hi-Temp from deposing three Customs officials who were involved with the classification of Hi-Temp's entry in San Francisco. In its motion, Customs claimed that any deposition testimony from these three officials would be irrelevant. Specifically, Customs argued this testimony could only be used by Hi-Temp to collaterally attack the correctness of the underlying classification for the San Francisco entry. In support of its motion, Customs cited the "finality of liquidation" doctrine, embodied in 19 U.S.C.§ 1514(a), arguing that when Hi-Temp failed to appeal the denial of its protest, it waived its right to judicial review of the San Francisco liquidation. Consequently, according to Customs, any testimony of the three officials in San Francisco would be irrelevant to the penalty action at bar.

This Court was unpersuaded and denied Customs' motion. In denying the motion, the Court reasoned that any evidence pertaining to the liquidation upon which a penalty action is based is relevant because it relates to whether an importer's proposed classification was fraudulent,

grossly negligent, or negligent. *See* 19 U.S.C. § 1592. Thus, this Court permitted Hi-Temp to depose the San Francisco officials because their testimony directly relates to the reasonableness of Hi-Temp's entry of the merchandise as titanium scrap from Sweden and Customs' subsequent decision to liquidate the entry as titanium sponge from the Soviet Union.

Hi-Temp now seeks reimbursement for the cost it incurred in litigating that motion.

### DISCUSSION

USCIT R. 26 permits the court to issue a protective order to shield a party or person from annoyance, embarrassment, oppression, or undue burden through discovery. *See* USCIT R. 26(c). If the motion is denied, in whole or part, the court may order the moving party to permit or provide discovery. To discourage dilatory tactics during discovery, the court may also grant reasonable fees incurred by the party opposing the motion, including the attorney's fees. USCIT R. 26(c) and 37(a)(3).

Although the court has "wide discretion" under Rule 37, *Thomas E. Hoar, Inc. v. Sara Lee, Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (internal quotations and citations omitted), it will not award fees if it finds that the motion was substantially justified. USCIT R. 37(a)(3). "[T]he burden of persuasion is [ ] on the losing party to avoid assessment of expenses * * *." *Sellick Equip. Ltd. v. United States*, 18 CIT 352, 357 (1994), *quoting*, 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2288, at 789 (1970). Thus, the unsuccessful party must demonstrate that the basis for the discovery motion involves a "genuine dispute" or that reasonable people could disagree as to whether the contested motion was appropriate. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)(citations omitted).

Here, the Court finds that plaintiff lacked substantial justification to move for a protective order. USCIT R. 26(b)(1) states that

> "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or the defense of any other party, * * *. It is not grounds for objection that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

USCIT R. 26(b)(1). Therefore, under the rules of this court, the concept of relevance for discovery purposes is extremely broad. *See Sellick Equip.*, 18 CIT at 354 ("[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.") (internal quotations and citations omitted).

This case involves a penalty action brought by Customs against Hi-Temp. The penalty statute states in pertinent part, "no person, by fraud, gross negligence, or negligence may enter, introduce, or attempt

to enter or introduce any merchandise into the commerce of the United States * * *." 19 U.S.C. §1592. Thus, in order to prevail, plaintiff must show that Hi-Temp entered the merchandise with the requisite mental state. This necessarily demands an inquiry into the circumstances under which Hi-Temp entered the merchandise as titanium scrap from Sweden, and why it was later liquidated as titanium sponge from the Soviet Union. The Customs officials that plaintiff sought to prevent Hi-Temp from deposing were involved in the classification of the merchandise in San Francisco. Their testimony is relevant because it may shed light on the reasonableness of Hi-Temp's decision to enter the merchandise as titanium scrap from Sweden. Additionally, in view of Hi-Temp's affirmative defense of bad faith, the Customs officials' involvement in the classification of the merchandise places them in a position to testify about Customs' motive for bringing the penalty action. Given the broad scope allowed for discovery inquiries, reasonable minds cannot differ that the testimony of these Customs officials is relevant to the case at bar.

Customs' reliance on the "finality of liquidation" doctrine as a justification for seeking the motion is wholly unconvincing. While both sides spent considerable time and effort discussing this doctrine, the Court finds such discussion to be premature. Discovery is a time for identifying relevant evidence, not for discussing the potential use of this evidence at trial. Thus, the Court concludes Customs lacked substantial justification in moving for a protective order. Accordingly, Hi-Temp is granted the reasonable costs incurred in litigating the motion.

Hi-Temp seeks $9,137.50 in attorney's fees and costs from litigating the motion. *Def. Br.* at 10. Hi-Temp has provided an invoice that specifically provides as follows:

1) 26.5 hours by John P. Donohue, Esq., at the rate of $240/hour, totaling $6,360;
2) 20.25 hours by Melissa Gordon Pinheiro, Esq., at $125/hour, totaling $2,531; and
3) 1 hours by Patrick J. Egan, Esq., at the rate of $140/hour, totaling $140.

The Court finds the number of hours spent in preparing the response to plaintiff's motion reasonable. Yet, the calculation above accounts for $9,031 and presents a deficiency that warrants a reduction of the costs awarded to Hi-Temp. The total of $9,031 leaves a disparity of $106 from the amount of $9,137.50 requested by Hi-Temp in its brief. This disparity will be construed against Hi-Temp. As such, the Court awards attorney's fees in the amount of $9,031 to defendant, Hi-Temp.

## Conclusion

For the reasons stated above attorney's fees in the amount of $9,031 are awarded to defendant, Hi-Temp. Judgment will be entered accordingly.