252 F.3d 667 (2nd Cir. 2001)
 NEW PACIFIC OVERSEAS GROUP (U.S.A.) INC., Plaintiff-Appellant,
BING LI, Appellant,
v.
EXCAL INTERNATIONAL DEVELOPMENT CORP. and KENNETH SHIH-HAI KING, Defendants Appellees,
GANG SHAN LIN, a/k/a Edisan Lin, a/k/a Gang Run Lin, Defendant-Appellant.
 Docket No. 00-7588
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: January 30, 2001
Decided: June 13, 2001
 
 Appeal by an attorney from that part of an interlocutory order issued in the United States District Court for the Southern District of New York (Denise L. Cote, Judge) imposing sanctions jointly and severally against him and his client for discovery violations, pursuant to Fed. R. Civ. P. 37.
 Dismissed for lack of appellate jurisdiction.
 BING LI, Law Office of Raymond H. Wong, P.C., New York, N.Y., for Appellant.
 DONALD ENG, New York, N.Y., for Defendants-Appellees.
 Before: OAKES, STRAUB, and POOLER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Bing Li ("Li"), counsel for plaintiff-appellant New Pacific Overseas Group (U.S.A.) Inc. ("New Pacific"), appeals from that part of an order issued in the United States District Court for the Southern District of New York (Denise L. Cote, Judge) imposing sanctions against him, jointly and severally, with his client New Pacific. The sanctions were imposed to compensate for costs incurred by defendant-appellee Excal International Development Corp. ("Excal") in filing a previous motion for sanctions based on New Pacific's noncompliance with a discovery order.
 
 
 2
 We conclude that, in light of the Supreme Court's decision in Cunningham v. Hamilton County, Ohio, 527 U.S. 198 (1999), the sanctions order is not a "final decision" under 28 U.S.C. § 1291. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.
 
 BACKGROUND
 
 3
 This case involves a dispute regarding the sale of concrete block manufacturing equipment by defendant Excal to plaintiff New Pacific. New Pacific brought suit alleging that Excal breached a series of contracts for the sale and installation of the equipment. During discovery, New Pacific did not permit Excal to inspect the equipment. As a result, on August 20, 1999, the District Court issued a discovery order requiring New Pacific to permit the inspection. After New Pacific failed to comply with the order, Excal moved for sanctions on November 1, 1999, pursuant to, inter alia, Fed. R. Civ. P. 37. On January 26, 2000, the District Court imposed sanctions on New Pacific consisting of (1) attorneys' fees and costs incurred by Excal in its efforts to inspect the equipment and (2) an additional amount of $10,000 "[t]o compensate the defendants for the inconvenience and severe prejudice caused by New Pacific's deliberate violation of the Court's order and to encourage future compliance with Court orders and cooperation in discovery."
 
 
 4
 New Pacific failed to pay the sanctions, and, on February 7, 2000, moved for reconsideration of the court's order. Excal then cross-moved, pursuant to Rule 37, 28 U.S.C. § 1927, and the court's inherent power, for the imposition of additional sanctions on New Pacific for costs incurred in filing its November 1 motion. On April 11, 2000, the District Court denied New Pacific's motion for reconsideration and imposed additional sanctions of, inter alia, attorneys' fees and costs in the amount of $4,150.62 on both New Pacific and its counsel, Li. Li appeals from this decision to the extent that it imposes sanctions against him individually.
 
 DISCUSSION
 
 5
 Title 28, section 1291 of the United States Code vests the Federal Courts of Appeals with jurisdiction over appeals from "final decisions" of the district courts. Generally, a decision is not "final" unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 6
 An order imposing discovery sanctions against an attorney neither ends a lawsuit on its merits nor leaves the court with nothing to do but execute judgment. Thus, such an order would ordinarily not be considered "final." "A'small class' of district court orders, however, has long been understood to constitute an exception to the 'final judgment rule.'" Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 685 (2d Cir. 1989). These "collateral orders" are considered final decisions for the purposes of section 1291. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). In order to qualify as a collateral order, an "order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action[;] and (3) be effectively unreviewable on appeal from a final judgment." Thomas E. Hoar, 882 F.2d at 685 (citing Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988)).
 
 
 7
 Prior to 1999, there had been a split among the Circuit Courts whether an interlocutory order imposing sanctions on an attorney is an immediately appealable collateral order. See Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 202-03 (1999) (citing cases). The law in this Circuit was that an attorney may immediately appeal an order imposing sanctions against him under the collateral order exception. See Thomas E. Hoar, 882 F.2d at 686; Cheng v. GAF Corp., 713 F.2d 886, 888-90 (2d Cir. 1983); see also Ashlodge, Ltd. v. Hauser, 163 F.3d 681, 683 (2d Cir. 1998) (finding jurisdiction over appeal of an order imposing sanctions against an attorney under the collateral order doctrine).
 
 
 8
 In Thomas E. Hoar, we held that an order imposing sanctions jointly and severally against an attorney and client satisfies the collateral order exception test such that it is a final decision under section 1291. See 882 F.2d at 685-87. We found that such an order is a "conclusive determination," id., and "involves an issue completely separate from the merits of the underlying litigation," id. (internal quotation marks omitted). As for the third collateral order requirement, we noted that a sanctions order against an attorney alone is "effectively unreviewable after final judgment" because (1) "in the face of settlement negotiations, an attorney might be placed in an ethical dilemma since his view of any settlement proposal would almost certainly be colored by its handling of the attorneys' fee issue"; (2) the attorney, as a non-party, "would be dependent on the [client] for appellate review which would be unlikely [i]f the case is settled, or if [the client] succeeds on the merits"; (3) a non-party attorney "would be precluded from arguing the propriety of the Rule 37 sanction... in an appeal from the final judgment"; and (4) "forcing an attorney to await final judgment, with such a sanction outstanding against him, may seriously affect his professional reputation." Id. at 685-86 (internal quotation marks omitted). From there, we reasoned that sanctions imposed jointly and severally against an attorney and his client must likewise be immediately appealable, both because of the effect of such sanctions on the attorneys' relations with his client and because of judicial efficiency interests. See id. at 686-87. "[T]he harm caused by denying one of the appellants the right to review," we held, "outweighs a mechanical application of the final judgment rule." Id. at 686.
 
 
 9
 In Cunningham, however, the Supreme Court resolved the split among the Circuits in holding that an order imposing sanctions on an attorney is not a "final decision" under 28 U.S.C. § 1291. See 527 U.S. at 210. According to the Court, a Rule 37 sanctions order "often will be inextricably intertwined with the merits of the action," in that an "evaluation of the appropriateness of sanctions may require the reviewing court to inquire into the importance of the information sought or the adequacy or truthfulness of a response." Id. at 205. In addition, a sanctions order against an attorney is not "effectively unreviewable on appeal from a final judgment" because the "effective congruence of interests between clients and attorneys counsels against treating attorneys like other nonparties for purposes of appeal." Id. at 206. Moreover, the Court held, "[t]o permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." Id. at 208. Accordingly, the Court held, a sanctions order against an attorney does not satisfy the requirements of the collateral order doctrine. Id. at 210.
 
 
 10
 Cunningham effectively overrules this Circuit's law as articulated in Thomas E. Hoar and subsequent cases. Accordingly, we hold that an order imposing Rule 37 sanctions against an attorney, either alone or jointly and severally with his client, is not an appealable "final decision" under 28 U.S.C. § 1291.[1] See Tenkku v. Normandy Bank, 218 F.3d 926, 927 (8th Cir. 2000) (dismissing appeal of discovery sanctions for lack of appellate jurisdiction in light of Cunningham); Empresas Omajede, Inc. v. Bennazar-Zequeira, 213 F.3d 6, 9 n.4 (1st Cir. 2000) (recognizing Cunningham's holding that an order imposing sanctions on an attorney under Rule 37(a)(4) is not an appealable final decision); In re Rimsat, Ltd., 212 F.3d 1039, 1044 (7th Cir. 2000) (same). Thus, we dismiss Li's appeal for lack of appellate jurisdiction.
 
 CONCLUSION
 
 11
 For the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.
 
 
 
 NOTE:
 
 
 [1]
 Prior to filing, this opinion was circulated to all the active judges of the Court, and all have expressed agreement.