**In re ATLANTIC INTERNATIONAL MORTGAGE COMPANY, Debtor.**

**Steven S. Oscher, Liquidating Trustee For Atlantic International Mortgage Company, Plaintiff,**

**v.**

**The Solomon Tropp Law Group, P.A., et al., Defendants.**

**Bankruptcy No. 8:00–bk–18057–ALP.**
**Adversary No. 8:02–ap–00963–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 16, 2007.

Geoffrey S. Aaronson, Adorno & Yoss LLP, Miami, FL, for Debtor.

Jeffrey W. Warren, Karen Cox, Bush Ross, P.A., Tampa, FL, for Plaintiff.

F. Lorraine Jahn, Stanford R. Solomon, The Solomon Tropp Law Group, PA, Michael J. McGirney, Sangeeta Philip Spengler, Marshall, Dennehey, Warner, Mindy L. Miller, Tampa, FL, Michael Obringer, Mashall, Dennehey, Warner, et al., Jacksonville, FL, for Defendants.

American Investors Mortgage Corp., pro se.

## ORDER ON DEFENDANT SOLOMON TROPP'S AND NON–PARTY COUNSEL McGIRNEY'S AND JAHN'S EXPEDITED MOTION AND MEMORANDUM TO DEFER HEARING ON OBJECTIONS TO TRUSTEE'S PROPOSED RULE 7037 ATTORNEYS' FEE SANCTIONS AND THEIR APPORTIONMENT UNTIL ENTRY OF A FINAL ORDER ON THE MERITS OF ADVERSARY PROCEEDING (THE MOTION TO DEFER) (DOC. No. 492) and RESPONSE OF THE TRUSTEE IN OPPOSITION TO THE MOTION TO DEFER (Doc. No. 501)

ALEXANDER L. PASKAY, U.S. Bankruptcy Judge.

THE MATTER under consideration in the above-captioned adversary proceeding is a Motion to Defer Hearing on Objections to the Trustee's Proposed Rule 7037 Sanctions (Doc. No. 492), filed by Defendants Solomon Tropp, P.A. and non-party Counsels McGirney and Jahn (the Movants) and the Response of the Trustee in Opposition to the Motion to Defer (Doc. No. 501). The Movants seek an order deferring the hearing presently scheduled before this Court on May 15, 2007, to receive evidence on the reasonableness of the amount of sanctions to be imposed on Solomon Tropp, McGirney, and Jahn, the parties whom this Court has ruled are subject to sanctions for violating the discovery orders entered by this Court.

In support of their Motion, the Movants contend that it is appropriate, in this Rule 7037 proceeding to defer consideration of the amount of sanctions until this Court determines and allocates the respective liabilities of the respondents. The Movants also contend that it is inappropriate in the absence of a specific finding of fact to apportion the liability between the parties and, therefore, the ruling should be deferred until the claims asserted in the adversary proceeding are tried and resolved.

The Movants further contend that the hearing would require this Court to apportion responsibility or fault among Solomon Tropp, McGirney, and Jahn which, in turn, would create a conflict requiring McGirney and Jahn, who are not defendants in the prime lawsuit, to withdraw. Additionally, they contend that a hearing would involve inquiry into attorney-client communications, which, by invading attorney-client privilege, could lead to an appeal that this Court could avoid by deferring the matter. Furthermore, according to the Movants, deferring the hearing on the sanctions will conserve judicial resources.

The Trustee, of course, strongly opposes the request to defer the hearing and con-

cedes that the Sanctions Order did not make specific findings as to the allocation of the liabilities between the Movants. However, such specific findings were unnecessary in light of the extensive record which clearly revealed a concerted activity by the Movants which this Court found to be the basis for the imposition of sanctions.

According to the Trustee, because the sanctioned parties have been afforded due process on the issue of liability, their request for any further consideration of that issue is not warranted and should be denied.

■ This Court, after hearing extensive, voluminous testamentary evidence together with extensive documentary evidence, entered its order for the imposition of sanctions on all the respondents. Due process protection was afforded to all and they were fully aware before the commencement of the trial that the Trustee would seek the imposition of sanctions under Federal Rule of Bankruptcy Procedure 7037 (which adopted Fed.R.Civ.P. 37 in adversary proceedings). The respondents had adequate notice that the Trustee was seeking monetary sanctions and defended their actions by claiming they had produced everything and, therefore, they did not violate the discovery orders.

■ It is well established that the court has discretion to impose joint and several liability for Rule 37 sanctions upon both the attorney and a noncompliant party. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 686 (2d Cir.1989) (affirming joint and several liability of party and its counsel for monetary sanctions awarded under Rule 37); *Chesa Int'l, LTD v. Fashion Assocs. Inc.,* 425 F.Supp. 234, 237–238 (S.D.N.Y.1977) (imposing joint and several liability of party and its counsel for monetary sanctions awarded under Rule 37). This Court in its Sanctions Order has already made the determination to hold both counsel and the defendant responsible. Rule 37 only addresses apportionment in instances when a motion for failure to make or cooperate in discovery is granted in part and denied in part, requiring an apportionment of the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner. Fed.R.Civ.P. 37(a)(4)(c). In such instances, Rule 37 allows the court to apportion the reasonable expenses among the parties involved in the discovery dispute. Here, this Court has already determined the sanctionable conduct and a three-day evidentiary hearing has fully developed the relative roles, conduct, and actions of the Sanctioned Parties.

■ Theoretically, this Court may consider the appropriate amount of attorneys' fees and costs which should be sanctioned against the respondents without any further hearing. *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510, 1522 (11th Cir.1986). And this Court may properly determine the appropriate amount based on the affidavits submitted in support of the amount sought, including the objection challenging the affidavits. Notwithstanding that fact, due to the history of this litigation as separate and apart from the resolution of the ultimate issues, it is appropriate to conduct a hearing. However, the scope of the hearing must be strictly limited in order to give the respondents an opportunity to put on evidence and argue the appropriateness of any charges set forth by the Trustee in his request for allowance of attorneys' fees and costs as sanctions in this matter.

Likewise, it should be pointed out that neither the attorney-client issues nor the allocation of guilt between the parties will be considered and the hearing will be strictly limited to determine the reasonableness of the amount of the request for

attorneys' fees and costs for sanctions pursuant to F.R.B.P 7037.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Defer (Doc. No. 492) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the hearing presently scheduled for May 15, 2007, at 1:30 p.m. before the undersigned shall proceed as scheduled, but will be limited to testimony and evidence to determine the reasonableness of the amount of the Trustee's request for attorneys' fees and costs for sanctions pursuant to F.R.B.P. 7037.

DONE AND ORDERED.