The **SANKO STEAMSHIP CO., LTD.,**
Plaintiff-Appellee,

v.

Miles A. **GALIN, M.D.;** 113–115 East 39th Street Associates, a partnership composed of Miles A. Galin, M.D., I. Baras, M.D., K.R. Barasch, M.D., and S.A. Obstbaum, M.D., Defendants,

Donald B. da Parma, counsel for defendant 113–115 East 39th Street Associates, exclusive of Miles A. Galin, M.D., Appellant.

No. 160, Docket 87–7360.

United States Court of Appeals,
Second Circuit.

Argued Nov. 18, 1987.

Decided Dec. 14, 1987.

Donald B. da Parma, New York City (Breed, Abbott & Morgan, of counsel), appellant pro se.

Philip J. Curtin, New York City, on submission, for plaintiff-appellee.

Before KEARSE, PIERCE and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Appellant Donald B. da Parma, an attorney, appeals from an order of the United States District Court for the Southern District of New York (Duffy, *J.*) imposing sanctions pursuant to Fed.R.Civ.P. 11 against him for filing a motion to realign defendant Galin as a party plaintiff for purposes of determining diversity jurisdiction. The district court summarily denied the motion in an endorsed memorandum and *sua sponte*—and without notice to appellant—imposed sanctions in the amount of $1,000 against him for advancing a "frivolous" motion. Because the district court's procedure in imposing this sanction did not comport with the due process requirements inherent in Rule 11 and because the district court failed to make findings or provide reasons why the motion was frivolous, we vacate the order imposing sanctions and remand this case to the district court for further consideration.

## BACKGROUND

The underlying proceeding is an action by plaintiff-appellee Sanko Steamship Co. ("Sanko"), based upon the New York Fraudulent Conveyance Act, in which Sanko is seeking to set aside a transfer of title to property by Galin to a medical practice partnership which includes Galin and the three other individual defendants. Plaintiff-appellee became a judgment creditor of defendant Galin in a prior proceeding involving a federal question, *see Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 594 F.Supp. 1490 (S.D.N.Y.1984), *aff'd in part, vacated and remanded in part*, 782 F.2d 329 (2d Cir.1986), and then brought the underlying action herein as an aid to enforcement of the previously obtained $750,000 judgment, and to set aside the allegedly fraudulent conveyance. Jurisdiction was posited as supplementary to the prior proceeding or, in the alternative, diversity of citizenship. Galin subsequently satisfied Sanko's federal judgment, but because Sanko still had a state court action for compensatory and punitive damages pending against Galin, the district court permitted Sanko to amend its complaint to predicate jurisdiction solely on diversity of citizenship.

On January 16, 1987, the individual defendants other than Galin moved through their attorney, appellant da Parma, to realign Galin as a party plaintiff alleging that his interest in having the property placed in his name rather than that of the partnership was aligned with Sanko's interest, i.e., adverse to the interest of the remaining defendants. The granting of the motion would have destroyed diversity and therefore would have required the court to dismiss the action for lack of jurisdiction.

In an endorsed memorandum, Judge Duffy denied the motion for realignment "as totally frivolous" and, although plaintiff did not raise the issue, sanctioned appellant $1,000 pursuant to Rule 11. Appellant timely moved for reconsideration of

the imposition of sanctions, citing his right to notice and an opportunity to be heard under the due process clause and this court's prior decision in *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Judge Duffy summarily denied the motion for reconsideration. Having escaped from the district court without the imposition of any further sanctions, da Parma filed this appeal.

## DISCUSSION

As a preliminary matter, we must determine whether a Rule 11 order is appealable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be subject to jurisdiction on appeal, such an order must meet three requirements. It "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (citations omitted).

■ The order here satisfies these three conditions. The assessment of $1,000 in sanctions in this case was a conclusive determination. *See Cheng v. GAF Corp.*, 713 F.2d 886, 889 (2d Cir.1983) (sanctions imposed pursuant to 28 U.S.C. § 1927). The fee award also was completely separate from the merits, *see White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451 n. 13, 102 S.Ct. 1162, 1166 n. 13, 71 L.Ed.2d 325 (1982); *Cheng*, 713 F.2d at 889, and would not be effectively reviewable on appeal from a final judgment. *See Cheng*, 713 F.2d at 889–90; *see also Frazier v. Cast*, 771 F.2d 259, 262 (7th Cir.1985) (order not reviewable on appeal from final judgment where sanctions imposed against non-party). Accordingly, the order imposing sanctions pursuant to Rule 11 is appealable.

Sanko also notes that da Parma filed his notice of appeal before Judge Duffy signed the final judgment required by *Kanematsu–Gosho, Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47 (2d Cir.1986) (per curiam), but did not thereafter renew the notice. Sanko, therefore, asserts that the notice of appeal is procedurally defective, and that we lack appellate jurisdiction. This contention is without merit since Fed.R.App.P. 4(a)(2) specifies that a notice of appeal filed prematurely shall be deemed to have been filed immediately after the judgment is entered. Accordingly, we find there to be no bar to our exercise of jurisdiction.

■ As to the propriety of the district court's procedure in imposing sanctions, we note initially that district courts generally have wide discretion in deciding when sanctions are appropriate. Nevertheless, the manner in which sanctions are imposed must comport with due process requirements. *See Oliveri*, 803 F.2d at 1280; Fed. R.Civ.P. 11 advisory committee note; *see also Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987) (en banc). At a minimum, notice and an opportunity to be heard are required. *Oliveri*, 803 F.2d at 1280.

■ In the instant case, the district court imposed sanctions "upon its own initiative," as permitted under Rule 11, but failed to provide da Parma notice and an opportunity to be heard. Furthermore, Judge Duffy neglected to explain why the motion was not "well grounded in fact" or "warranted by existing law." *See Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985). Before awarding sanctions under Rule 11, a court ought to set forth its reasons or findings as to why a pleading, motion or other paper is frivolous. *Cf. Braley*, 832 F.2d at 1513 (in imposing sanctions against attorney, a court is required to make specific findings so that "the objectionable conduct [can] be identified sufficiently to make the opportunity to respond meaningful" and to assist the appellate court in reviewing the basis for imposition of the sanction); *Dow Chemical Pacific Ltd.*, 782 F.2d at 345 (adequate findings are required in order to sustain award of attorneys' fees under "bad-faith" exception to the "American Rule"); *see* Schwarzer, *Sanctions Under*

*the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 199 (1985).

In light of the district court's evident failure to provide appellant an opportunity to be heard, we vacate the award of sanctions and remand the matter for further proceedings. On remand, after providing appellant with an opportunity to be heard and in the event the district court is still convinced that sanctions are appropriate in this case, the court should state its reasons why appellant's motion for realignment was frivolous. We note, however, that in support of their motion to realign the parties, defendants quoted a June 7, 1986 affidavit of Sanko's counsel as stating, among other things, that

> Galin's counsel told [Sanko's counsel, Philip J. Curtin]: "that if Sanko were to commence an action to set aside a conveyance of that property by Galin to the medical partnership it would not only protect Sanko's interest in that property, but, perhaps, enhance settlement prospects between Galin and his medical partners."

Thus, on its face, the proffered motion arguably was well grounded in fact and warranted by existing law, and therefore not wholly frivolous. *See Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69–70, 62 S.Ct. 15, 16–17, 86 L.Ed. 47 (1941) (if parties are not aligned according to their real interests, courts must realign them according to such interests before determining if diversity exists). In any event, we leave this determination to the sound discretion of the district court.

Vacated and remanded for further proceedings not inconsistent with this opinion.