William J. SOLLOWAY and Jerome Berger, Plaintiffs,

v.

Eric ELLENBOGEN, Broadway Video, Inc. and T.E. Acquisition Co., Inc., Defendants.

No. 88 Civ. 2650 (KC).

United States District Court, S.D. New York.

June 8, 1988.

Hy Davidson, Messite and Davidson, New York City, for plaintiffs.

David Stern, Jill & Menella, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION
## AND ORDER

CONBOY, District Judge:

Plaintiffs filed a complaint alleging that this court had jurisdiction over this action because there was diversity of citizenship between the plaintiffs and the defendants. However, the complaint alleges that both plaintiffs and two of the defendants are citizens of New York. *See* Complaint at paras. 3–4, 6–7. The defendants promptly moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

▮ In response to defendants' motion to dismiss the complaint for lack of diversity jurisdiction, plaintiffs have filed a notice of voluntary discontinuance, as they are entitled to do, pursuant to Fed.R.Civ.P. 41(a)(1)(i).[1] Defendants, though, also invoked Rule 11 in their motion to dismiss. The question is whether this court retains jurisdiction to impose sanctions.

Research has disclosed only one case directly on point. In *Fisher Bros Sales, Inc. v. United Trading Co. Desarrollo Y Comercio S.A.*, No. 85 Civ. 7502, slip op. (S.D.N.Y. Apr. 28, 1987) [available on WESTLAW, 1987 WL 10391], the court stated that

> Rule 11 ... sanctions are not outcome oriented but rather assess the conduct of attorneys and litigants in instituting and continuing meritless litigation. Once ... counsel signed and filed its pleading, the federal court acquired jurisdiction and retained jurisdiction, even after dismissal of the action, to decide a Rule 11 ... claim.

---

1. Rule 41(a)(1)(i) allows a plaintiff to dismiss an action at any time before service of the defendant's answer or of his motion for summary judgment. Defendants' motion, made pursuant to Rule 12(b)(1), cannot be considered a summary judgment motion. *Cf.* Fed.R.Civ.P. 12(b)(6) (motion to dismiss for failure to state a claim upon which relief can be granted supported by affidavits may be transformed by the court into summary judgment motion).

*Id.*, slip op. at 4; *see Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir.1986) (rule 11 is limited to "testing the attorney's conduct at the time a paper is signed"), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); Fed.R.Civ.P. 11. Thus, the court has the power to rule on defendants' motion for sanctions.

The requirement of complete diversity between plaintiffs and defendants has been clear since *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). *See, e.g., Ganoe v. Lummis,* 662 F.Supp. 718, 723 (S.D.N.Y.1987), *aff'd mem.,* 841 F.2d 1116 (2d Cir.1988); *Davis v. United Artists, Inc.,* 547 F.Supp. 722, 728 (S.D.N.Y. 1982). Defendants pointed out this requirement in their motion papers. *See* Defendants' Memorandum of Law at 3–4. Plaintiffs undeniably discontinued this action in realization of the complaint's obvious inadequacy.

The realization came too late. The court must focus on the time the complaint was filed. *See International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 675 F.Supp. 146, 154 (S.D.N.Y.1987).

▮ Rule 11 imposes an objective standard of reasonable inquiry into the law. *See Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1010 (2d Cir.1986); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 253–54 (2d Cir.1985), *cert. denied,* —— U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). If that objective standard is not met, Rule 11 mandates the imposition of sanctions. *See Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174–75 (D.C.Cir.1985); *Eastway Constr. Corp.,* 762 F.2d at 254 n. 7.

▮ No reasonable person could have believed that diversity jurisdiction existed over this action. "A cursory review of hornbook law and the facts of this case would have indicated that there was no basis for this Court to exercise subject matter jurisdiction." *Hydra Offshore, Inc.,* 675 F.Supp. at 154; *see id.* at 152. Sanctions are required in this case because it is "patently clear that [this] claim has absolutely no chance of success." *Oliveri,*

803 F.2d at 1275 (quoting *Eastway Constr. Corp.,* 762 F.2d at 254).

▮ The imposition of sanctions "must comport with due process requirements." Fed.R.Civ.P. 11 advisory notes 1983 amendment; *see Sanko S.S. Co., Ltd. v. Galin,* 835 F.2d 51, 53 (2d Cir.1987). Ordinarily, the court would afford plaintiffs the opportunity to be heard as to their belief that the complaint was well grounded in law. *See Galin,* 835 F.2d at 53–54. That would be useless in this case. The utter frivolity of plaintiffs' filing, which on its face demonstrates the absence of jurisdiction, is incapable of being explained in a way that would satisfy Rule 11's requirement of "reasonable inquiry." This is attested to by counsel's discontinuance of the action. The remaining questions are who should be sanctioned, and what sanctions are appropriate.

Rule 11 allows for the imposition of sanctions against one who signs a pleading, a party, or both. In this case, it is clear that the full award must be imposed against plaintiffs' counsel. Plaintiffs doubtless feel that they have a valid legal claim. They should not be held responsible for their attorney's failure to inquire into jurisdictional matters and bring the action in the appropriate forum. *Hydra Offshore, Inc.,* 675 F.Supp. at 155. Mr. Davidson, plaintiffs' counsel, shall be solely responsible.

▮ The court determines that an appropriate sanction in this case shall consist of reimbursement to defendants of their reasonable attorneys' fees and costs in bringing the motion to dismiss. Counsel shall submit an affidavit to the court detailing defendants' expenses associated with the motion. Counsel shall include all time and expenses necessitated in compiling such affidavit. This is recoverable on a "but-for" basis. *See Miller v. Affiliated Fin. Corp.,* 600 F.Supp. 987, 992 n. 9 (N.D.Ill.1984).

SO ORDERED.