Mary MORLEY, Plaintiff–Appellant,

v.

CIBA–GEIGY CORP., Defendant–Appellee.

No. 1745, Docket 94–9250.

United States Court of Appeals, Second Circuit.

Submitted June 20, 1995.

Decided Sept. 13, 1995.

Joseph A. Gallagher, Jr., Larchmont, NY, for plaintiff-appellant.

Robert F. Fink, New York City (David A. McManus, Varet & Fink P.C., of counsel), for defendant-appellee.

Before: KEARSE, ALTIMARI and PARKER, Circuit Judges.

PARKER, Circuit Judge:

▮▮ Mary Morley and her attorney, Joseph A. Gallagher, Jr., appeal from an order entered on October 21, 1994 in the United States District Court for the Southern District of New York, Goettel, *Judge*, imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure in the amount of $5000.[1] Because the record supplies ample support for the award of sanctions, we affirm.

## BACKGROUND

The record reveals the following chronology. In 1989 plaintiff Morley, an employee at defendant Ciba–Geigy Corporation, ceased coming to work due to illness, which she later determined was Chronic Fatigue Syndrome. Plaintiff alleges she was terminated in November 1989. Defendant says she was discharged in January 1990. In March of 1990, Morley filed a claim of age discrimination with the Equal Employment Opportunity Commission (EEOC). That claim was dismissed over a year later.

In November 1991, Morley filed this suit, alleging age discrimination under the Age Discrimination in Employment Act (ADEA); retaliation under the ADEA, in that defendant denied her coverage for medical expenses after she filed with the EEOC; and infliction of emotional distress, for which she sought punitive damages, in connection with the alleged retaliation.

In March 1992, the district court held a pretrial conference, at which plaintiff's counsel said he was considering the need to add a new retaliation claim to the complaint. Plaintiff was given until April 20th to amend. That date was extended for an additional 30 days, but she did not file at that time. However, in June 1992, plaintiff filed a new EEOC charge alleging that her health insurance benefits had been cancelled a second time, in February 1992, in retaliation for bringing this action.

In November 1992, defendant moved for summary judgment. While the motion was pending, another conference was held and counsel again stated he might seek leave to add the new retaliation count to the complaint. The court responded that he should

1. A Rule 11 order against an attorney, though not a final judgment, is appealable under the collateral order doctrine. *Sanko Steamship Co., Ltd. v. Galin*, 835 F.2d 51, 53 (2d Cir.1987). Though, in contrast, an order of sanctions against a party is not normally appealable as of right prior to the entry of a final judgment, *see,* *e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 686 (2d Cir.1989) (Rule 37 sanctions), since the issues in the present case are substantially the same with respect to plaintiff and her attorney, we exercise our discretion to accept pendent appellate jurisdiction, and we allow plaintiff to appeal immediately as well.

move quickly. Again, however, plaintiff did not file supplemental pleadings at that time.

In January 1993, the district court granted summary judgment on the retaliation and emotional distress claims (in part because the temporary denial of benefits was the action of an independent administrator, not the defendant), leaving only the principal age discrimination claim. The court, however, expressed doubts about the viability of that claim and warned that there appeared to be some basis for sanctions.

In March 1993, the court issued a ready trial order, and the following month plaintiff finally moved for leave to supplement the complaint. Attached to the motion was a signed copy of a proposed supplemental complaint. This document contained two ADEA counts, the first alleging age discrimination as in the original complaint, the second alleging retaliatory denial of medical benefits through February 1992. The prayer included a request for $1 million in damages in connection with the first count (in addition to standard ADEA relief of back pay and liquidated damages) and for $15 million in connection with the retaliation count.

On April 30, 1993, the court granted plaintiff's motion, insofar as the new pleading concerned events occurring after litigation commenced. On the record the court stated that "[i]t is clear that the plaintiff was not entitled to compensatory or punitive damages in its ADEA claim." The court then ordered: "Consequently, we grant leave to file a supplementary complaint limiting damages to the post-litigation period and without compensatory damages under the ADEA or punitive damages." In its eventual decision dismissing the supplemental complaint on June 24, 1994, the court stated: "It was clearly the court's intention that the supplemental complaint would be served promptly, [and] would contain no more than what was claimed in the proposed supplemental complaint." *Morley v. Ciba–Geigy Corp.*, No. 91 Civ. 8009, slip op. at 7 (S.D.N.Y. June 24, 1994) ("June 24 Decision").

Even though her motion was granted (as limited by the court's directives), plaintiff still did not file a supplemental pleading at that time. (In his brief in this Court, counsel says he was waiting for the transcript of the April 30, 1993 hearing.) On March 8, *1994,* the court issued another order directing that a supplemental complaint be filed within 20 days or the right to file would be deemed waived, reiterating its ruling on the acceptable limits of such a pleading.

On March 28, 1994, plaintiff finally served her supplemental complaint.[2] The content of this pleading is what most exercised the district judge. It contains 11 causes of action. Many of these are for alleged retaliatory denials of medical benefits, *each of which seeks compensatory and punitive damages.* Count 8 alleges a breach of the covenant of good faith and fair dealing in the denial to plaintiff of long-term disability; count 9 that such denial was retaliatory; count 10 that defendant violated the requirements of ERISA; and count 11 that defendant's *attorney* perpetrated a fraud by not producing certain requested discovery materials, causing plaintiff $6 million in damages.

Defendant moved to dismiss the supplemental complaint. In the June 24 Decision, the court granted the motion, pointing out that the supplemental complaint "bore little resemblance to that which was authorized almost a year earlier by the court." June 24 Decision, at 9. The court found that "this pleading exceeds the authorization granted by the court. Indeed, in a couple of respects, it specifically contradicts the orders of the court such as the repeated inclusion of punitive damages." *Id.* Acknowledging plaintiff's counsel's arguments "that while punitive damages are not allowed under the ADEA, there never has been a case specifically holding that a retaliation claim could not be the basis for punitive damages," the court stated: "We do not revisit this issue because the pleading was clearly filed in defiance of the court's earlier rulings." *Id.* at 9 n. 3. The court accordingly dismissed the supplemental complaint and restored the first count of the initial complaint to the trial calendar. *Id.* at 12.

---

**2.** The district court found that service was improperly made at the home of defendant's CEO in the evening, but ultimately did not base its sanctions ruling on this finding.

Finally, the court sua sponte ordered plaintiff and her counsel to show cause why they should not be sanctioned under Rule 11, spelling out in detail the potential grounds for sanctions, as follows:

1. the representation made a year ago that they would be adding only a single retaliation count in the supplemental complaint;

2. the ignoring of this court's earlier ruling on summary judgment concerning payment of health benefits;

3. the inclusion of punitive and compensatory damage claims when the court had specifically directed that they not be added;

4. the concocting of a six million dollar fraud claim from what at most was a debatable discovery dispute;

5. the inclusion of causes of action in the supplemental complaint which are totally lacking in merit;

6. the improper intrusion into the privacy of the corporate president after the court had clearly indicated that he would not be a witness in the case.

*Id.* at 13.

After plaintiff's counsel filed a response to the show cause order, the district court issued a Memorandum Decision dated October 21, 1994. *Morley v. Ciba–Geigy Corp.*, No. 91 Civ. 8009 (S.D.N.Y. Oct. 21, 1994) ("October 21 Decision"). In light of counsel's explanation regarding the sixth item from the above list, the court explicitly declined to sanction on that basis. The court then noted that counsel's explanations as to the other items were either inadequate or not provided at all. The court concluded:

This case was coming on to trial on a single limited issue, namely, whether the plaintiff was terminated from her employment (which she had not attended for many months) because of her age. The supplemental complaint filed by the plaintiff postponed this limited trial and was clearly an attempt to intimidate the defendant into a large settlement. The claims for compensatory and punitive damages

were not supported by existing case law or even a good faith argument for reversing the existing law. It was filed in direct contravention of this court's earlier orders. The filings of the plaintiff were devoid of merit and were an attempt to go far beyond the permissions granted to the plaintiff. Sanctions are clearly warranted.

October 21 Decision, at 3 (citation omitted).[3] The court awarded sanctions against plaintiff and her counsel in the amount of $5000.

## DISCUSSION

■ "[D]istrict courts generally have wide discretion in deciding when sanctions are appropriate." *Sanko Steamship Co., Ltd. v. Galin*, 835 F.2d 51, 53 (2d Cir.1987). A court's decision to award Rule 11 sanctions is accordingly reviewed for abuse of discretion. *Caisse Nationale de Credit Agricole–CNCA, New York Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir.1994).

■ Rule 11(c), as amended in 1993, authorizes the court to impose "appropriate" sanctions upon attorneys or parties. As to parties, the rule provides that "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Fed.R.Civ.P. 11(c)(2)(A). Subdivision (b)(2), in turn, is the rule under which an attorney is deemed to certify that his or her legal contentions "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." That subdivision provides the authority for one of the grounds of the court's sanctions order. The court also based its order on its findings that the supplemental complaint was filed for an improper purpose and in direct contravention of the court's earlier orders. Both attorney and party are subject to sanctions on these grounds.

Appellants do not take issue with the amount of the sanctions, nor in any significant way with the procedural protections set forth in Rule 11 (notice and opportunity to respond). Rather they argue that the court misapprehended the evidence and made errors of law.

---

3. The "good faith" test, cited by the district court, was changed to a "nonfrivolous" test in

the amended version of Rule 11 effective December 1, 1993.

It is apparent from the decisions of June and October 1994 that the district court viewed as most objectionable appellants' willful contravention of the court's April 1993 and March 1994 orders, which allowed Morley to file a limited supplemental complaint with the express proviso that she seek no compensatory or punitive damages under the ADEA. The supplemental complaint filed in March of 1994 manifestly contravened those rulings. There can be no doubt—and appellants do not contend otherwise—that an award of sanctions on that basis is justified, under the general authority of Rule 11(b)(1) (pleading must not be "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"). *See, e.g., Derechin v. State University of New York,* 963 F.2d 513, 517 (2d Cir.1992) (within court's discretion to sanction attorney for filing pretrial statement that unreasonably listed over 200 witnesses). The district court's decision may be affirmed on that ground alone.

Furthermore, once the court had ruled that it would not allow compensatory and punitive damages for the alleged ADEA violations, the demand for such damages in the supplemental complaint was frivolous because it was barred by the law of the case. For that reason, the filing was also sanctionable as to counsel under Rule 11(b)(2) (legal contentions must be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"). "An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear ... that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Caisse Nationale,* 28 F.3d at 264 (internal quotation marks and citations omitted).

The district court also concluded that the supplemental complaint was "clearly an attempt to intimidate the defendant into a large settlement," October 21 Decision, at 3, an attempt which, in light of the law-of-the-case bar, was an improper purpose under Rule 11(b)(1). *Cf. Sussman v. Bank of Israel,* 56 F.3d 450, 459 (2d Cir.1995) (threat of suit in order to force settlement not a basis for sanctions where threatened claims not found to be meritless). The record amply supports the district court's conclusion in the present case.

Appellants argue at length that they had a nonfrivolous basis for asserting that punitive damages may be available (or should be made available by an extension of existing law) in an ADEA retaliation claim. But this argument misses the mark: the district court did not award sanctions because the claim was frivolous on the *merits;* in the June 24 Decision, the court explicitly stated: "We do not revisit this issue because the pleading was clearly filed in defiance of the court's earlier rulings."

Other arguments made by the appellants are similarly misplaced. They contend, for example, that the new counts in the supplemental complaint have sufficient merit as a matter of law to survive dismissal. The order dismissing the pleading, however, is not presently on appeal. We have considered appellants' remaining arguments and find them to be without merit.

We conclude that the district court was well within its discretion in ordering plaintiff and her attorney to pay $5000 as a sanction for filing the supplemental complaint for improper purposes and in direct contravention of the court's rulings.