108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jeffrey BLUM, Plaintiff-Appellant,
and
James OSTROWSKI, Respondent-Appellant,
v.
John H. SCHLEGEL, in his personal and official capacity as
Associate Dean of the State University of New York at
Buffalo School of Law, Dean B. Filvaroff, in his personal
and official capacity as Dean of the State University of New
York at Buffalo School of Law, William R. Greiner, in his
personal and official capacity as Provost and President of
the State University of New York at Buffalo, Kenneth J.
Levy, in his personal and official capacity as Acting
Provost of the State University of New York at Buffalo, Alan
S. Carrel, in his personal and official capacity as
Associate Dean of the State University of New York at
Buffalo School of Law, Elizabeth B. Mensch, Professor of
Law, Alan D. Freeman, Professor of Law, Charles P. Ewing,
Professor of Law, State of New York, State University of New
York, John Doe, Officer of the State University of New York
at Buffalo, D. Bruce Johnstone, in his official capacity as
Chancellor of the State University of New York, Defendants-Appellees,
and
Daniel HARRIS, Petitioner,
and
Dianne AVERY, Movant-Appellee.
 Nos. 96-7705, 96-7723.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 1
 Appearing for Plaintiff-Appellant: Jeffrey M. Blum
 
 
 2
 Appearing for Respondent-Appellant: James Ostrowski
 
 
 3
 Appearing for Defendants-Appellees: Peter B. Sullivan Assistant Attorney General State of New York
 
 
 4
 Appearing for Movant-Appellee: Lawrence J. Vilardo Connors & Vilardo
 
 
 5
 RICHARD J. CARDAMONE, PIERRE N. LEVAL, Circuit Judges, and ROBERT J. WARD, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 8
 Plaintiff-Appellant Jeffrey Blum ("Blum") appeals the district court's dismissal of his complaint with prejudice as a sanction for his violation of a protective order and for his misconduct during the litigation. Since the district court did not abuse its discretion in finding a violation of the protective order, or in crafting an appropriate sanction, we affirm.
 
 
 9
 Blum, a former law professor at the State University of New York at Buffalo ("Buffalo"), commenced this action against several university officials alleging that he was denied tenure and effectively forced out of the school in retaliation for his exercise of the right to free speech under the First Amendment. During discovery, Blum requested production of the tenure review file of Dianne Avery ("Avery"), a fellow law professor at Buffalo who had been granted tenure. Magistrate Judge Carol E. Heckman entered a protective order allowing Blum to inspect the Avery tenure review file under very strict conditions. The protective order prohibited Blum from "communicat[ing] the contents of any document in the tenure review file to any person at any time for any purpose." Further, the protective order provided that, "[f]ailure to abide by these conditions w[ould] result in sanctions, including, but not limited to excluding the evidence from the action, or dismissal of the action with prejudice."
 
 
 10
 The day after inspecting the Avery tenure review file, Blum circulated a memorandum to the law faculty at Buffalo. In the memorandum, he wrote:
 
 
 11
 It is simply that Professor Avery's file contains documents that I believe furnish important links of evidence in support of one of the legal theories that is being vigorously pursued.
 
 
 12
 Attached to this memorandum was a letter in which Blum set forth, in great detail, his theory of the case; namely, that the University had agreed to grant Avery tenure in exchange for a promise from the law faculty that it would not support Blum's candidacy for tenure. The district court interpreted the quoted sentence, read in conjunction with the attached letter, as representing Blum's "personal summary of the documents he observed in the file." Following a hearing, the court found, by clear and convincing evidence, that Blum had violated the clear and unambiguous provisions of the protective order. The court held Blum in civil contempt for his violation of the protective order, and, pursuant to Rule 37(b)(2), Fed.R.Civ.P., dismissed his complaint with prejudice.
 
 
 13
 A district court's finding of contempt for a violation of a court order is reviewed only for an abuse of discretion. As noted recently by this Court, "[a] party may not be held in contempt unless 'the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply.' " E.E.O.C. v. Local 638, Sheet Metal and Air Conditioning Contractors, 81 F.3d 1162, 1171 (2d Cir.1996) (quoting United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d Cir.1995)). Under this standard, we hold that the district court did not abuse its discretion in finding that Blum had violated the protective order.
 
 
 14
 Although "[d]ismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations," it may be appropriate if "(a) the court finds willfulness, bad faith, or fault ... and (b) the court gives notice ... that violation of the court's order will result in a dismissal of the case with prejudice." Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir.1995). Additionally, the district court must determine whether a sanction less drastic than dismissal would suffice. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996). All of the above conditions were complied with in the instant case. The court found Blum's violation to be willful, and the protective order expressly provided that a violation could result in dismissal. Thus, Blum was on notice.
 
 
 15
 Finally, the district court considered whether imposing lesser sanctions would be appropriate, but ultimately concluded that "[n]o monetary sanction could cause Blum to submit to the lawful mandates" of the court. Further, the district court was concerned about Blum's ability to provide for his family. Assessing a large fine against Blum, who claimed that the case had bankrupted him, seemed a harsher penalty than ending the litigation. Accordingly, we find that Judge Skretny weighed all of the relevant factors, and that he did not abuse his discretion in dismissing Blum's complaint with prejudice. Since dismissal with prejudice pursuant to Rule 37(b)(2) was proper, we need not reach the district court's use of its inherent authority to sanction Blum for his misconduct during the litigation.
 
 
 16
 Appellant James Ostrowski ("Ostrowski") purports to appeal from the district court's "failure to litigate" his motion for sanctions and attorney's fees pursuant to Rule 11, Fed.R.Civ.P. Our review of the record has led us to conclude that the district court denied Ostrowski's motion sub silentio. Although an explicit ruling would have been preferable, we find that the district court did not abuse its discretion. Morley v. Ciba-Geigy Corp., 66 F.3d 21, 24 (2d. Cir.1995). Ostrowski's remaining contentions on appeal are without merit.
 
 
 17
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert J. Ward of the United States District Court for the Southern District of New York, sitting by designation