Robert RICHTER and Frederic
Fisher, Plaintiffs,

v.

Robert ACHS, Jonathan Bell, Edward
Marritz and A–Train Video, Inc.,
Defendants.

No. 96 Civ. 6403 (CBM).

United States District Court,
S.D. New York.

July 28, 1997.

Jonathan C. Herzog, Bodine, & Herzog, New York City, for plaintiffs.

Bardyl R. Tirana, Washington, DC, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendants in this matter have moved to alter or amend this court's judgment pursuant to Federal Rule of Civil Procedure 59(e). Specifically, defendants seek (1) the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11, and (2) dismissal of the claims raised by plaintiffs under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* For the reasons provided below, this motion is granted in part and denied in part.

### BACKGROUND

The underlying facts of this dispute are set forth in this court's April 17, 1997 Memorandum Opinion and familiarity therewith is assumed. *See Richter v. Achs,* 962 F.Supp. 31 (S.D.N.Y.1997). To summarize briefly, plaintiffs and individual defendants together formed a closely held corporation, defendant A–Train Video, Inc. ("A–Train"), in which each of the five shareholders held an equal 20% of the corporation's stock. In addition, all five parties were directors of A–Train, and they all actively participated in the management of the company. The dispute began when plaintiffs first expressed an intent to withdraw from the corporation in February of 1994. The parties disagreed about the proper method of valuing the corporation's shares, with defendants maintaining that the value was to be determined from the corporate tax returns, and plaintiffs insisting that the proper measure was fair market value.[1] In December of 1995, nearly two years after this dispute had begun, defendants sent each plaintiff a check in the amount of $10,014.27, which defendants believed was the value of the shares of the corporation as of December 31, 1994, plus accrued interest. Plaintiffs cashed the checks with a restrictive endorse-

ment reserving their rights to receive another $20,000 which they felt was owed them.

Plaintiffs also alleged that during this period, defendants met secretly, withheld funds from the corporation, and put corporate receivables into a new bank account to which plaintiffs had no access in order to misrepresent to plaintiffs the value of the shares. They sought relief under § 10(b) of the Securities and Exchange Act of 1934 and Rule 10–5 promulgated thereunder and raised a number of state law claims as well. Plaintiffs had also originally sought relief under RICO but later represented in an affirmation filed in opposition to the summary judgment motion that they were withdrawing this claim. (Herzog Aff. ¶ 1). A stipulation of dismissal was never filed, however.

By Memorandum Opinion and Order dated April 17, 1997, this court granted defendants' motion for summary judgment on the grounds that plaintiffs had failed to demonstrate that defendants had made any misstatements upon which they had relied. The court noted that although plaintiffs may have a cause of action for breach of fiduciary duty under state law, no federal claim could lie under § 10(b) absent a showing of detrimental reliance.

The April 17 Memorandum Opinion did not address the issue of sanctions. As a result, defendants, arguing that the Private Securities Litigation Reform Act of 1995 (PSLRA) requires this court to make explicit findings of fact relating to the Rule 11 issue, have requested that the court amend the judgment to grant them sanctions. In addition, though plaintiffs have represented that they have withdrawn the claim which they raised under RICO, defendants insist that because no stipulation of dismissal was ever filed pursuant to Federal Rule of Civil Procedure 41, this court should itself dismiss the claim.

## DISCUSSION

### I. Sanctions

### A. Requirement of Specific Findings of Compliance with Rule 11

15 U.S.C. § 78u–4(c)(1), enacted in 1995 as part of the PSLRA, requires a district court,

---

1. The Incorporation Agreement clearly indicates that the corporation has the right to repurchase shares at their "book value." However, the parties disagreed as to the meaning of that term.

upon a final adjudication of the merits, to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading or dispositive motion." Thus, as defendants correctly point out, the court must make specific findings on whether the parties have complied with Rule 11. Because this was not done in the April 17 Memorandum Opinion, the court undertakes the task presently. ·

## B. Requirements of Rule 11

Rule 11, as amended in 1993, reads in relevant part:

(b) ... By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay ...;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law....

(c) If ... the court determines that subdivision (b) has been violated, the court ... may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection (b) or are responsible for the violation....

Though the Rule, as amended in 1993, makes the imposition of sanctions discretionary[2], FED. R. CIV. P. 11(c); *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 73 F.3d 1253, 1258 (2d Cir.1996), the PSLRA makes clear that sanctions must be awarded in securities cases if a party does not comply with Rule 11. 15 U.S.C. § 78u–4(c)(2). The presumptive sanctions to be awarded are the

reasonable attorney's fees and costs of the opposing party. 15 U.S.C. § 78u–4(c)(2). The issue presently before the court is whether plaintiff has frivolously initiated this suit in federal court, thereby presumptively entitling defendants to costs and attorney's fees.

■ The Second Circuit has held that "an argument constitutes a frivolous legal position for purposes of Rule 11 sanctions, if, under an objective standard of reasonableness, it is clear ... that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir.1995)(quoting *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d. Cir.1994)).

Defendants argue that sanctions are warranted in this case because, as the court has previously indicated, plaintiffs have failed to identify "a single instance in which defendants have made a misstatement upon which plaintiffs have relied" and, though mail and wire fraud are alleged, there was no allegation that the telephone or the mails were used to engage in some phase of a fraudulent transaction. *Richter*, 962 F.Supp. at 33.

■ However, while it is true that plaintiffs should undoubtedly have alleged use of the telephone or mails, failure to do so hardly makes the entire case frivolous, particularly where the court did not rely on that in granting the motion for summary judgment. Moreover, as the court has previously indicated, it is extremely unlikely that plaintiffs could not have shown that an instrumentality of interstate commerce was ever used by defendants in some phase of the allegedly fraudulent transaction, as is required in 10b–5 actions. *See id.* In light of this, the court rules that a reasonable attorney would not have necessarily determined that the legal position adopted by plaintiffs had no chance of success simply because of the failure to mention a specific instance in which an instrumentality of interstate commerce was used.

---

**2.** Prior to 1993, subsection (c) of Rule 11 required the imposition of sanctions upon a finding of a violation of subsection (b). FED. R. CIV P. 11

(1992); *Norris v. Grosvenor Mktg.*, 803 F.2d 1281, 1288 (2d Cir.1986).

■ As regards the plaintiffs' failure to show that a misstatement was made by defendants upon which the plaintiffs relied, which was the basis upon which summary judgment was granted, the court likewise holds that the position adopted by plaintiffs was nonfrivolous. One of the plaintiffs claimed that a letter written by defendants on December 5, 1995 contained a number of misstatements upon which he relied. Plaintiffs also claimed that they were "forced" to rely on the price defendants quoted them. While the court held that neither of these was true since plaintiffs did not believe any of defendants' alleged misstatements and since they refuted the notion that they were "forced" to rely on the alleged misstatements by bringing this suit, the court does not conclude from this that plaintiffs' claims had absolutely no possibility of success. Though plaintiff's arguments were unconvincing, they were not entirely frivolous.

Thus, defendants' request that Rule 11 sanctions be imposed against plaintiffs is denied.

## II. Dismissal of RICO Claim

■ As was indicated earlier, plaintiffs' attorney had represented in an affirmation that he was withdrawing the claim made under RICO. However, defendants insist that because no stipulation of dismissal was ever filed pursuant to Rule 41, the court should dismiss the matter itself. Because the court does not see any clear purpose to extensively reviewing this area of the law when plaintiffs have already indicated on the record that they are withdrawing the claim, the court will not address the merits of the RICO claim but rather, pursuant to plaintiff's representation that the claim is withdrawn, dismiss the claim without prejudice pursuant to Rule 41(a)(2). However, though the dismissal is without prejudice, the court notes for the record that plaintiffs' attorney has represented that he does not believe that a RICO claim can be made on these facts given the amendments made by the PSLRA to RICO. Therefore, plaintiffs should be wary of relitigating the claim in this court given such an admission.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion to alter the judgment to include a dismissal of plaintiff's RICO claim. The court also denies defendants' motion to impose sanctions against plaintiffs.

## ORDER

For the reasons set forth in the Memorandum Opinion filed simultaneously herewith, it is hereby:

ORDERED, that defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is DENIED; and it is further

ORDERED, that plaintiff's claim made pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* be and hereby is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.