Baldwin v. Kulch                        CV-98-333-M    09/29/00
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


William R. Baldwin; and
Joan S. Baldwin,
     Plaintiffs

     v.                                    Civil No. 98-333-M
                                           Opinion No. 2000 DNH 208
Kulch Associates, Inc.; and
Charles Kulch,
     Defendants


                         <u>O R D E R</u>


     Having reviewed the defendants' "Motion for Findings

Pursuant to 15 U.S.C. § 78u-4(c) and for Award of Attorneys'

Fees," as well as the host of memoranda, affidavits, rebuttals,

supplemental memoranda, and sur-replies filed, it would appear

that defendants' motion is not meritorious.


     First, defense counsel appear to assert that plaintiffs'

amended complaint alleges, without factual basis, the seemingly

impossible: that <u>before</u> Kulch ever met with, or spoke to,

plaintiffs, he personally made false material statements to

plaintiffs that induced them to purchase NPW stock.  But, the

amended complaint actually makes clear that plaintiffs alleged

that false material statements were made by defendants (Kulch and his corporation) "and their agents and intermediaries."  See, e.g., First Amended Complaint (document no. 13), paragraphs 7, 8, 9, 15, and 16.  Given plaintiffs' counsel's affidavit, it would also appear that defendants' counsel (and presumably defendants themselves) were not confused on that point since, very early on they were informed as to just who the "agent" and "intermediary" was (Donald J. McCarthy), and why plaintiffs believed his statements were legally attributable to defendants.  Nothing inconsistent appears in the discovery cited by defendants, nor does it appear that plaintiffs' factual allegations lacked evidentiary support – they swear under oath, and presumably would have testified at trial, that McCarthy held himself out as an apparent agent of defendants, soliciting investors on their behalf.

If a jury credited McCarthy's alleged comments as true, it could well have been found that defendants sent him out to encourage investments in NPW by people like plaintiffs (his family members), and to relate defendants' encouraging factual

2

representations, derived from their alleged superior knowledge gained from their stock ownership in, and the accounting services provided to NPW (i.e., statements to the effect that NPW was financially solid and poised for growth). Indeed, it is reasonably plain from the Report of the Parties' Planning Meeting (document no. 10) that defense counsel were fully aware of plaintiffs' agency allegations and theory, as well as the facts they believed supported that theory.

Defendants also appear to be wrong in arguing that plaintiffs "do not and cannot dispute the sworn statements of both Mr. Kulch and Donald McCarthy." Actually, plaintiffs very unambiguously contest both. See Affidavit of Plaintiff Joan S. Baldwin, attached as an exhibit to document no. 29 ("Finally, Donald McCarthy acknowledged that defendants had encouraged him to seek out investors, including friends and family members, to take advantage of this ground floor opportunity.").[1]

---

[1] Plaintiffs' counsel had informed defendants' counsel that McCarthy was Mrs. Baldwin's brother-in-law.

And, of course, the complaint's federal claims were dismissed for failure to satisfy the heightened pleading requirements mandated by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b), and Federal Rule of Civil Procedure 9(b). The failure was one of pleading, not necessarily the absence of a factual basis for bringing the complaint. Since plaintiffs alleged only that NPW failed after the rosy representations were made, the complaint was inadequate. But every dismissal of a securities fraud case based on failure to meet the applicable heightened pleadings standards does not, ipso facto, establish frivolity within the meaning of Fed. R. Civ. P. 11(b). See, e.g., Kalnit v. Eichler, 99 F. Supp. 2d 327 (S.D.N.Y. 2000).

Defendants also suggest they raised issues related to Rule 11(b) and the complaint's lack of facial merit with plaintiffs' counsel early in the litigation, but they apparently did not invoke the provisions of Rule 11(c)(1)(A); that is, they did not formally put plaintiffs on notice of their position and extend the 21 day opportunity provided by the Rule to withdraw or

4

correct any perceived deficiencies in the complaint. And, it does not appear that defendants complied with Local Rule 16.2(b)(10), which provides that final pretrial statements <u>shall</u> contain "a statement of a claim for attorney's fees, if applicable." <u>See</u> document no. 10. So, it does not appear that defense counsel was of the view that the complaint was frivolous as of the filing of the final pretrial statement.

Nevertheless, although the motion probably will not be successful, the court has not decided the merits of the motion because a preliminary issue related to the court's jurisdiction presents itself – one that has not been addressed or briefed by the parties. Specifically, the record discloses that judgment was entered on August 27, 1999 (without any factual findings having been made under § 78u-4(c)). The time for filing a motion under Fed. R. Civ. P. 59 to open the judgment, amend findings of fact and conclusions of law, or to make new findings and conclusions, expired on or about September 10, 1999, without any such motion having been filed. And, no motion for attorneys' fees was filed within 14 days of the entry of judgment as

5

required by Fed. R. Civ. P. 54(d)(2)(B). Finally, the period in which an appeal could have been taken by defendants expired on September 27, 1999, without an appeal having been filed. Defendants' motion for findings pursuant to 15 U.S.C. § 78u-4(c) and for attorneys' fees was not filed until October 29, 1999, or some two months after judgment had entered.

All of which raises a question as to the court's jurisdiction since, although the findings required by 15 U.S.C. § 78u-4(c) were not included in the record "upon final adjudication," no timely motion to amend the judgment under Rule 59 was filed. Moreover, no timely appeal was taken by defendants on grounds that the judgment was legally insufficient or in error, and no motion for sanctions under Rule 11 or otherwise was pending when judgment entered, and no timely motion for attorneys' fees had been filed. Whether under these circumstances a "motion" filed two months later is either timely or falls within the court's jurisdiction to resolve is probably open to some debate, and at least should be explored before resolving the merits of the motion. A brief review suggests that

6

there is scant precedent discussing jurisdiction under these circumstances, but some cases seem to suggest, implicitly, that defendants' failure to timely move to amend the judgment, file a Rule 11 or other sanction motion prior to entry of judgment, take a timely appeal, or file a timely motion for attorneys' fees might result in the absence of jurisdiction. But, it is by no means clear.

That is, the judgment was arguably legally deficient for failure to comply with § 78u-4(c), but counsel did not raise the issue by timely Rule 59 motion or by a timely appeal, and there were no pending motions related to post-judgment relief. <u>See e.g.</u> <u>Gurary v. Winehouse</u>, 190 F.3d 37 (2d Cir. 1999)(timely appeal was taken from judgment not in compliance with § 78u-4(c)); <u>see generally</u> <u>Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.</u>, 2000 WL 528633 (S.D.N.Y. May 2, 2000)(premature motion under § 78u-4(c) denied without prejudice to "renewing at an appropriate time"); <u>Goldstein v. Malcolm G. Fries & Assoc., Inc.</u>, 72 F. Supp. 2d 620 (E.D.Va. 1999)(§ 78u-4(c) issue raised <u>in</u> the motion to dismiss complaint); <u>Cooter & Gell v. Hartmarx</u>

7

<u>Corp.</u>, 496 U.S. 384 (1990) (court's jurisdiction to consider Rule 11 motion filed <u>with</u> motion to dismiss extends beyond voluntary dismissal of complaint); <u>Inter-County Resources, Inc. v. Medical Resources, Inc.</u>, 49 F. Supp. 2d 682 (S.D.N.Y. 1999)(motion for fees unnecessary under PSLRA as it is self-executing); <u>Richter v. Achs</u>, 174 F.R.D. 316 (S.D.N.Y. 1997)(implicitly suggests timely motion to amend judgment filed where court did not include § 78u-4(c) findings in judgment). Certainly, the time available to raise issues related to judgments entered without complying with § 78u-4(c) is not unlimited, and the question here is whether two months is too long.

The motion for findings and attorneys' fees (document no. 27) is denied without prejudice to refiling after the jurisdictional and timeliness issues raised herein are resolved. Counsel for defendants may, but are not required to, file a thorough legal brief within 30 days of this order establishing the legal bases for this court's exercise of jurisdiction over their motion for findings and attorneys' fees. If such a brief is filed, plaintiffs shall respond within 30 days of the filing

8

of defendants' brief, providing their position on the jurisdictional issues raised. If defendants elect not to file a further brief within the prescribed time, the case will be closed. If the court finds, after considering the briefs that may be filed, that it has jurisdiction to consider defendants' motion, it will be deemed refiled nunc pro tunc, without the need for counsel to physically refile any pleadings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 29, 2000

cc:  Leonard W. Foy, Esq.
     Andrew W. Serell, Esq.