Cameron International Trading Co., Inc. v. Hawk Importers, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

Present:    PIERRE N. LEVAL,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

CAMERON INTERNATIONAL TRADING CO., INC., dba Carson Optical, LEADING EXTREME OPTIMIST INDUSTRIES LTD.,

                    *Plaintiffs-Appellees*,


                    - v -                              No. 11-3879-cv

HAWK IMPORTERS, INC., SHYAM BAHETI, RAM BAHETI,

                    *Defendants-Appellants,*

JOSEPH CURTIS EDMONDSON, SCOTT DARREN FRENDEL,

                    *Movants.*[*]

_____

_____

    [*] The Clerk of Court is instructed to amend the official caption as shown above.

For Movants:      MARK AARONSON, Aaronson Rappaport Feinstein & Deutsch, LLP, New York, N.Y. (J. Curtis Edmondson, *Pro Se*, Beaverton, OR, and Scott D. Frendel, *Pro Se*, New York, N.Y., *on the brief*)

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **VACATED** and the case is **REMANDED** for further proceedings.

Movants J. Curtis Edmondson and Scott D. Frendel (collectively "movants"), defendants' counsel in this matter, appeal from a January 18, 2011, memorandum and order finding that they violated Federal Rule of Civil Procedure 11(b) and are jointly and severally liable in the amount of $4,900. We assume the parties' familiarity with the underlying facts and procedural history of this case.

A "bad faith" standard applies to Rule 11 sanctions where, as here, the court initiates sanctions long after the sanctioned lawyer has the opportunity to correct or withdraw the challenged submission. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003). The district court inferred bad faith on the part of Edmondson and Frendel from (1) the purported frivolity of the arguments movants made in defendants' motion to dismiss filed March 1, 2010, and (2) "Defendants' general course of conduct." Included in the "course of conduct" that the district court considered were a number of actions taken by defendants and their prior counsel before movants were retained. For instance, the district court noted that defendants (1) ignored "Plaintiffs' initial notice of breach" and "Plaintiffs' request to re-open this case"; (2) failed to appear at the initial status conference, which led to the Court's first Order to Show Cause; and

(3) repeatedly sought adjournments of the Show Cause hearing before the magistrate judge, delaying the hearing for several months. *See Cameron Int'l Trading Co. v. Hawk Imps., Inc.*, No. 03-CV-02496, 2011 WL 167596, at *4 (E.D.N.Y. Jan 18, 2011). The district court's inference of bad faith on the part of movants was clearly erroneous to the extent that it was drawn from behavior in which movants were uninvolved.

This faulty inference might not have been drawn had the district court given movants notice of "the specific conduct or omission for which the sanctions are being considered so that [they could] prepare a defense." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)). "[O]nly conduct explicitly referred to in the instrument providing notice is sanctionable." *Id.* (quoting *Schlaifer Nance & Co.*, 194 F.3d at 334). Here, the district court ordered defendants and movants to show cause why they should not be sanctioned for filing "a totally nonsensical, legally illogical motion to dismiss." *Cameron Int'l Trading Co., Inc. v. Hawk Imps., Inc.*, No. 03-CV-02496, 2010 WL 4568980, at *3 (E.D.N.Y. Nov. 2, 2010). The district court did not refer to the conduct preceding that filing, including but not limited to the conduct engaged in by individuals other than movants. Consequently, that conduct is not sanctionable.

The district court's order of sanctions was based on its "[c]onsider[ation of] Defendants' conduct in its entirety." *Cameron Int'l Trading Co.*, 2011 WL 167596, at *4. Because at least a portion of that conduct was not sanctionable, did not give rise to a valid inference of bad faith, or both, we **VACATE** the Rule 11 sanctions. We do not reach movants' contention that, given the size of the sanction imposed, movants were entitled to additional procedural protections; the

3

argument is rendered moot by this order.  Nor do we reach movants' contention that the

arguments in the motion to dismiss were not frivolous; it is unclear at this stage if the district

court would consider any such frivolity, standing alone, to be sufficient ground for an inference

of bad faith.[1]  Instead, we **REMAND** for further proceedings, if the district court considers such

proceedings to be appropriate.  In addition, we **ORDER** that any appeal from the re-imposition

of sanctions should be assigned to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1]  We note, however, that the question of law appears to us to be much closer than the district court considered it to be.  The district court had dismissed the case with prejudice without explicitly retaining jurisdiction; the motion to dismiss might be characterized as putting forth a "reasonable argument to extend . . . the law [expressed in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994),] as it stands."  *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)).